UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br>LIFE TIME FITNESS, INC.,<br>TELEPHONE CONSUMER<br>PROTECTION ACT (TCPA)<br>LITIGATION | Case No.: 0:14-md-02564-JNE-SER<br>MDL Docket No. 2564<br>ALL CASES |
| NOAH PETERSEN and PAUL<br>SARENPA, on behalf of themselves<br>and all others similarly situated,<br><br>       Plaintiffs,<br>v.<br><br>LIFE TIME FITNESS, INC., a<br>Minnesota Corporation,<br><br>       Defendant. | 14-cv-01242-JNE-SER |
| BRANDON SILVA, individually<br>and on behalf of all others similarly<br>situated,<br><br>       Plaintiff,<br>v.<br><br>LIFE TIME FITNESS, INC.,<br><br>Defendant. | 14-cv-02599-JNE-SER |
| ISMAEL SALAM, individually and<br>on behalf of all others similarly<br>situated,<br><br>       Plaintiff,<br>v.<br><br>LIFE TIME FITNESS, INC.,<br><br>       Defendant. | 14-cv-04446-JNE-SER<br>Transferred from the Northern<br>District of Illinois |

| | |
|---|---|
| CATHERINE GOULD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> LIFE TIME FITNESS, INC., a Minnesota Corporation, <br><br> Defendant. | 14-cv-04447-JNE-SER <br> Transferred from the Eastern District of Missouri |

## CONSOLIDATED CLASS ACTION COMPLAINT

This is a Consolidated Class Action Complaint brought to obtain monetary and equitable relief on behalf of a class of individuals who received unsolicited text message calls to their cellular telephones from Life Time Fitness, Inc. ("LTF"). Plaintiffs file this Consolidated Complaint for administrative convenience during these coordinated and consolidated pretrial proceedings. The Telephone Consumer Protection Act ("TCPA") and Federal Communications Commission ("FCC") rules ban most commercial text messages sent to a mobile phone using an "automatic telephone dialing system." Such texts are banned unless (1) the recipient previously gave affirmative consent to receive the message or (2) the message is sent for emergency purposes. The ban applies even if the consumer has not placed his or her mobile phone number on the national Do-Not-Call list of numbers telemarketers must not call. The public policy behind the TCPA is to address telemarketing abuses attributable to the receipt of unsolicited communications. "Congress clearly identified the animating purpose of the TCPA: to prevent advertisers from unfairly

shifting the cost of their advertisements to consumers … ." LTF has a practice of sending unsolicited text messages to individuals' cell phones.

Plaintiffs, for their Consolidated Complaint against Defendant, state and allege as follows upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief:

### Nature of the Case

1.  Spam text messages sent to cellular telephones are an expensive and annoying problem for consumers and network operators in the United States. The increasingly sophisticated nature of cellular telephones allows spammers to engage in sophisticated attacks through a phone's voice and data channels using text messages to entice recipients of the messages to purchase goods or services.

2.  In an effort to increase its sales, Defendant LTF sent unauthorized text messages using computer software designed to "blast" text messages to thousands of telephone numbers simultaneously. The unauthorized text messages promoted Defendant's goods and services. Upon information and belief, Defendant sent such texts to thousands of individuals over the course of several months.

3.  By sending unauthorized text message calls, Defendant has caused consumers actual harm because (1) consumers are subjected to intrusion and aggravation that accompanies the receipt of spam messages, and (2) consumers frequently may have to pay their cell phone service providers to receive text messages, including spam messages, and (3) consumers are

subjected to intrusion and aggravation that accompanies the receipt of spam messages.[1]

4.  In order to redress these injuries, Plaintiffs, on behalf of themselves and a nationwide class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text message calls to cell phones.

5.  Plaintiffs, individually, and on behalf of the proposed class seek an injunction requiring Defendant to cease all text message advertising activities, an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## Parties, Jurisdiction, and Venue

6.  Plaintiff Noah Petersen is a resident of Plymouth, Minnesota. He is a current LTF member. Mr. Petersen terminated a previous membership agreement with LTF.

7.  Plaintiff Paul Sarenpa is a resident of Crystal, Minnesota. Mr. Sarenpa is a former LTF member, having terminated his membership contract in November 2013.

8.  Plaintiff Brandon Silva is a resident of South Saint Paul, Minnesota. Mr. Silva is a former LTF member.

---

[1] The recipient of a text has a cause of action under the TCPA regardless of whether the recipient had to pay a higher phone bill as a result of the text message. *Stern v. DoCircle, Inc.*, 2014 WL 486262, at *15 (C.D. Cal. Jan. 29, 2014).

9.  Plaintiff Ismael Salam is a resident of Cook County, Illinois. Mr. Salam is a former LTF member.

10. Plaintiff Catherine Gould is currently a resident of Cook County, Illinois.   Ms. Gould resided in St. Louis County, Missouri at the time she received the text message at issue.  Ms. Gould is a former LTF member.

11. Defendant LTF is a Minnesota corporation with its principal place of business in Chanhassen, Minnesota. LTF does business throughout the United States and Canada. It markets itself as "The Healthy Way of Life Company." LTF is a diversified lifestyle brand that operates health clubs, yoga studios, spas, and medical clinics and distributes fitness products, including private-label nutritional supplements.

12. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## Facts

13. Text message advertising is a growing trend in electronic marketing that allows marketers to instantly reach potential customers on their cell phones.

14. A text message, also called an "SMS message," which is an acronym for short message service, is a message call directed to a wireless device through the use of the telephone number assigned to the device and is no longer than 160 characters. When a text message call is made, the recipient's cell phone alerts him or her that the message has been received.

15. One mass text messaging service used by Defendant LTF, advertises: "Text messages are a brief, effective, inexpensive means of

communication. Over 95% of text messages are opened within minutes of delivery! Most people carry their cellular phones with them wherever they go, so unlike email, text messages can reach people when they are away from their desks." http://www.tellmycell.com/faq/#smsadv.

16. Unlike email or conventional advertisements, text messages can cost their recipients money, because cell phone users must pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. Upon information and belief, the text messaging service used by Defendant LTF to send the text messages at issue can send thousands of messages instantly at a specific time selected by the person or entity using the service.

18. Defendant LTF has directed the mass transmission of text messages to cell phones of individuals who it hoped would purchase its goods or services.

19. For instance, on or about March 31, 2014, Plaintiff Petersen received the following text message from Defendant LTF:



20. On March 30, 2014, Plaintiff Sarenpa received a text message that is substantially similar to the one that follows:



21. On March 31, 2014, Plaintiff Silva received the following text message from Defendant LTF:



22. On March 30 and 31, 2014, Plaintiff Salam received the following text messages from Defendant LTF:



23. On March 30, 2014, Plaintiff Gould received the following text message from Defendant LTF:



24. The "from" field of the transmissions to Plaintiffs Petersen, Sarenpa, Silva, Salam, and Gould was cryptically identified as "882-02," which is an abbreviated telephone number known as a "short code" that is used to send and receive text message calls.

25. LTF sent or transmitted, or had sent or transmitted on its behalf, the same or substantially the same text messages *en masse* to a list of thousands of wireless telephone numbers using a computerized automatic telephone dialing system as defined by the TCPA that stores telephone numbers or receives telephone numbers from a database, or dials random or sequential numbers.

26. Plaintiff Petersen, while a current member of LTF, did not provide prior express written consent to receive text message marketing from Defendant LTF.

27. Plaintiff Sarenpa is a former LTF member who did not provide prior express written consent to receive text message marketing from Defendant LTF, and did not expect to receive any communication, particularly text message marketing, from Defendant after he terminated his relationship with the company.

28. Plaintiff Silva is a former LTF member who did not provide prior express written consent to receive test message marketing from Defendant LTF, and did not expect to receive any communication, particularly text message marketing, from Defendant after he terminated his relationship with the company.

29. Plaintiff Salam is a former LTF member who did not provide prior express written consent to receive text message marketing from Defendant LTF and did not expect to receive any communication, particularly text message marketing, from Defendant after he terminated his relationship with the company.

30. Plaintiff Gould is a former LTF member who did not provide prior express written consent to receive text message marketing from Defendant LTF and did not expect to receive any communication, particularly text message marketing, from Defendant after she terminated her relationship with the company.

## Class Action Allegations

31. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class") defined as follows:

> All persons in the United States and its territories who received one or more unauthorized text messages from or on behalf of Life Time Fitness after October 16, 2013.

Plaintiffs reserve the right to redefine the Class or subclass prior to class certification.

32. Numerosity: Members of the proposed Class are so numerous that their individual joinder is impracticable. The precise number of members is unknown to Plaintiffs at this time. However, upon information and belief, it is at least several thousand individuals. The true number of proposed members is, however, known by Defendant, and thus, Class members may be notified of the pendency of this action by first class mail, electronic, and published notice using information in Defendant's membership and marketing records.

33. Commonality: There are numerous questions of law and fact common to Plaintiffs and the proposed Class; those questions predominate over any questions that may affect individual Class members, and include the following:

    a. whether Defendant violated the TCPA by sending unauthorized text messages to Plaintiffs and members of the proposed Class;

    b. whether the equipment LTF used to send the text messages in question was an automatic telephone dialing system as defined by the TCPA;

    c. whether Plaintiffs and members of the proposed Class are entitled to statutory damages under the TCPA;

    d. whether Plaintiffs and members of the proposed Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

e.  whether Plaintiffs and members of the proposed Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

34. Typicality: Plaintiffs' claims are typical of the other members of the proposed Class because they received unauthorized mass text messages sent by Defendant using an automatic telephone dialing system.

35. Adequacy: The named Plaintiffs will adequately represent the interests of the proposed Class. Defendant has treated them in the same manner as other proposed Class members and they have been damaged by this treatment in the same manner as other proposed Class members. Plaintiffs are committed to vigorously prosecuting this action. Plaintiffs have retained counsel well qualified to handle lawsuits of this type. Plaintiffs have no interests that are adverse to those of the proposed Class.

36. Declaratory and Injunctive Relief: LTF has acted or refused to act on grounds generally applicable to Plaintiff and the other proposed Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

37. Predominance: This case should be certified as a class action because the common questions of law and fact concerning Defendant's liability for sending unauthorized text messages will predominate the litigation over any questions that may affect individual Class members.

38. Superiority: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the proposed Class. The expense and burden of individual litigation makes it impracticable for members of the proposed Class to seek redress individually for the wrongful

conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the interest of justice and equity. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

**Count One**
VIOLATION OF THE TCPA
47 U.S.C. § 227, ET SEQ.
(Brought by the named Plaintiffs individually and on behalf of the Class)

39. Plaintiffs incorporate and reallege all allegations above as if fully set forth herein.

40. The TCPA states, in part:

> It shall be unlawful ... (A) to make any call (other than a call made for emergency purposes **or made with the prior express consent of the called party**) using any automatic telephone dialing system or an artificial or prerecorded voice ... (iii) to any telephone number assigned to a ... cellular telephone ... .

> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message **without the prior express consent of the called party**, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

41. The TCPA defines "telemarketing call," or "telephone solicitation," as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of ... goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

42. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. §227(a)(1).

43. Before sending a text message, the party sending the text message must obtain "prior express written consent" from the called party. "Prior express written consent" must:

- Be in the form of a writing bearing the written or electronic signature of the person providing consent;
- Specify the telephone number to which the person is consenting to be called;
- Clearly authorize the company to call the person using an auto-dialer system or prerecorded message for telemarketing purposes; and
- Ensure that consent is not a condition of purchasing goods or services.

27 C.F.R. § 64.1200(f)(8).

44. Defendant made telephone solicitations, including, but not limited to, the text messages depicted above, to the wireless telephone numbers of Plaintiffs and members of the proposed Class.

45. The text messages sent to Plaintiffs and the proposed Class members were sent using equipment that had the capacity to store telephone numbers retrieved from LTF's member database and to dial such numbers. Upon information and belief, the equipment may also be programmed to generate and dial random or sequential numbers. By using such equipment, Defendant was able to effectively send text messages simultaneously to

thousands of wireless telephone numbers *en masse* without human intervention.

46. The text calls were made through the use of a short code dialing service and without the prior express written consent of the Plaintiffs and the proposed Class members.

47. Defendant's conduct in sending said text messages violates 47 U.S.C. § 227(b)(1)(A)(iii).

48. As a result of Defendant's violation, the members of the classes suffered actual damages by, *inter alia*, having to pay their respective wireless carriers for the text messages where applicable and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each violation of the TCPA, and up to $1,500.00 if Defendant's violation of the TCPA is determined to be willful.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed Class respectfully request that the Court enter judgment in their favor as follows:

    a.  certifying the proposed Class under Fed. R. Civ. P. 23 and appointing Plaintiffs and their counsel to represent the Class pursuant to Fed. R. Civ. P. 23(g);

    b. awarding actual and statutory damages to Plaintiffs and the proposed Class;

    c. awarding Plaintiffs and the proposed Class pre-judgment and post-judgment interest;

d. awarding Plaintiffs and the proposed Class appropriate equitable relief requiring Defendant to cease all text message advertising activities;

e. awarding payment of any penalties or other amounts under any applicable laws, statutes or regulations;

f. entering judgment in favor of each Class member for damages suffered as a result of the conduct alleged herein;

g. awarding Plaintiffs reasonable attorneys' fees and costs; and

h. granting such other and further legal and equitable relief as this Court deems just and necessary.

## JURY DEMAND

Plaintiffs demand trial by jury on all counts where jury is available.


Dated: November 20, 2014             Baillon Thome Jozwiak & Wanta LLP

                                      s/ Shawn J. Wanta                 .
                                     Shawn J. Wanta, #0389164
                                     Christopher D. Jozwiak, #0386797
                                     222 South Ninth Street, Suite 2955
                                     Minneapolis, MN  55402
                                     Telephone:  (612) 252-3570
                                     Facsimile:  (612) 252-3571


J. Gordon Rudd, Jr., #222082         Katrina Carroll
Zimmerman Reed PLLP                  Lite DePalma Greenberg, LLC
1100 IDS Center                      211 West Wacker Drive, Suite 500
80 South 8th Street                  Chicago, IL 60606
Minneapolis, MN 55402                (312) 750-1265
(612) 341-0400

David T. Butsch
Butsch Roberts & Associates LLC
231 South Bemiston Ave
Suite 260
Clayton, MO 63105
(314) 863-5700