UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br>LIFE TIME FITNESS, INC.,<br>TELEPHONE CONSUMER<br>PROTECTION ACT (TCPA)<br>LITIGATION<br><br><br><br>This document relates to:<br>All actions | Case No.: 0:14-md-02564-JNE-SER<br>MDL Docket No. 2564<br><br>**Declaration of Shawn J. Wanta<br>Regarding Plaintiffs' Memorandum in<br>Support of Unopposed Motion for<br>Preliminary Approval of Settlement** |

# Exhibit 3

| | |
|---|---|
| In re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation<br><br>This document relates to:<br>All Actions | Case No. 14-md-02564 (JNE-SER)<br>MDL No. 2564 |

## SETTLEMENT AGREEMENT

Subject to the approval of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Settlement Agreement is entered into between Noah Petersen, Paul Sarenpa, Catherine Gould, and Brandon Silva ("Plaintiffs"), on behalf of themselves and the Settlement Class Members (defined below) on the one hand, and Life Time Fitness, Inc. ("Life Time") on the other. Plaintiffs, Life Time, and the Settlement Class Members that Plaintiffs represent are referred to collectively in this settlement agreement as the "Parties." Capitalized terms used herein are defined in Section 2 or indicated in parentheses elsewhere in the Settlement Agreement. Subject to Court approval and as provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, this Action shall be settled and compromised upon the terms and conditions set forth herein.

This Settlement Agreement is intended by the Parties to fully and finally compromise, resolve, discharge, release, and settle the Released Claims, and to dismiss this Action with prejudice, subject to the terms and conditions set forth below and without any admission or concession as to the merits of any claim or defense by any of the Parties.

## 1.  Recitals

**1.01**  Beginning April 17, 2014, several class actions were filed against Life Time (or a related entity) in various jurisdictions alleging that Life Time violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending unsolicited text messages. At the request of Life Time, on October 15, 2014, the Judicial Panel on Multidistrict Litigation created an MDL and assigned it to the Honorable Joan N. Ericksen of the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1407. Plaintiffs filed a Consolidated Class Action Complaint in the MDL. (Dkt. 13.)  The Court appointed Lead Counsel and a Plaintiffs' Executive Committee on November 19, 2014, and, *inter alia*, authorized Lead Counsel to conduct settlement discussions on behalf of Plaintiffs and the alleged nationwide class. (Dkt. 12.)

**1.02**  Life Time denies all material allegations asserted by Plaintiffs in the actions and contained in Plaintiffs' Consolidated Class Action Complaint. Life Time specifically disputes that it violated the TCPA; that it used an automatic telephone dialing system or an artificial or prerecorded voice message to contact Plaintiffs or potential class members without their prior express consent; and that Plaintiffs and potential class members are

entitled to any relief. Life Time further contends that the allegations contained in Plaintiffs' Consolidated Class Action Complaint are not amenable to class certification. Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Life Time has agreed to settle this litigation on the terms set forth in this Settlement Agreement, subject to Court approval.

**1.03** This Settlement Agreement resulted from good faith, arm's-length settlement negotiations, including an in-person mediation session at JAMS in San Francisco, California before retired federal chief magistrate judge the Honorable Edward A. Infante. Plaintiffs and Life Time submitted detailed mediation submissions to Judge Infante setting forth their respective views as to the merits of the case. Additionally, the parties engaged in informal discovery prior to the mediation. Plaintiffs have reviewed reasonably accessible data that Life Time produced and have confirmed information relating to Life Time's position including the number of unique cell phone numbers belonging to Settlement Class Members and the number of text messages sent during the class period.

**1.04** As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

**1.05** Unless otherwise indicated, the term "days" as used herein shall refer to calendar days.

**1.06** Terms that are defined in the text of the Agreement, but not defined in Section 2 below, shall have the meaning given those terms in the text.

2. **Definitions**

**2.01** "Action" means the action described by the Consolidated Class Action Complaint filed by Plaintiffs in the United States District Court for the District of Minnesota, captioned *In re: LIFE TIME FITNESS, INC., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION*, Case No.: 0:14-md-02564-JNE-SER (Dkt. 13).

**2.02** "Agreement" or "Settlement Agreement" means this Settlement Agreement between Plaintiffs and Life Time and each and every exhibit attached hereto.

**2.03** "Approved Claims" means claims that have been timely submitted and approved as valid by the Claims Administrator.

**2.04** "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.05** "Cash Award" means a cash payment by check to a Settlement Class Member, as provided for in Section 4.02.

**2.06** "Claim Form" means one of the claim forms that may be submitted by Settlement Class members in substantially the form attached hereto as exhibits.

**2.07** "Claims Deadline" means 90 days from the Settlement Notice Date.

**2.08** "Claims Period" means the 90-day period that begins on the Settlement Notice Date.

**2.09** "Claims Administrator" means KCC LLC, subject to the Court's approval.

**2.10** "Class Counsel" is used as adopted by the Court in its November 19, 2014 order (Dkt. 12).

**2.11** "Class Notice" means any type of notice that has been or will be provided to the Settlement Class and any additional notice that might be ordered by the Court.

**2.12** "Class Period" means from January 1, 2014, through April 15, 2014.

**2.13** "Class Representatives" means Plaintiffs Noah Petersen, Paul Sarenpa, Catherine Gould, and Brandon Silva.

**2.14** "Court" means the United States District Court for the District of Minnesota, and whichever judge is assigned to the case.

**2.15** "Life Time" means Life Time Fitness, Inc.

**2.16** "Defense Counsel" or "Counsel for Life Time" means Faegre Baker Daniels LLP.

**2.17** "Effective Date" is defined in Section 12.

**2.18** "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate.

**2.19** "Membership Award" means three months single membership at a Life Time Gold Club of the class member's choice or $250 in credit to be applied toward the cost of a new or existing Life Time membership of any kind that provides club access and that includes the Settlement Class Member as one of the people covered by the membership, as defined in Section 4.02.

**2.20** "Notice Database" means the database containing Settlement Class Members' information Life Time will provide pursuant to Section 7.02.

**2.21** "Objection Deadline" means 60 days from the Settlement Notice Date.

**2.22** "Opt-Out Deadline" means 60 days from the Settlement Notice Date.

**2.23** "Parties" means the Plaintiffs, the Settlement Class Members, and Life Time.

**2.24** "Preliminary Approval Order" means the proposed order to be submitted to the Court in connection with preliminary approval, in the form attached hereto as **Exhibit C**.

**2.25** "Released Claims" means the claims released in Section 14.

**2.26** "Released Parties" means: Life Time Fitness, Inc. and each of its respective past, present, and future parents, subsidiaries, affiliated companies, and corporations, including but not limited to LTF Club Operations Company, Inc., and each of Life Time's respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives. "Released Parties" also include all vendors of Life Time that participated in any way in any text message marketing involving Life Time during the Class Period.

**2.27** "Request for Exclusion" means the written request by a Settlement Class Member to opt out of the Settlement as provided for in Section 10.01.

**2.28** "Settlement," "Agreement," or "Settlement Agreement" means this Agreement between Plaintiffs and Life Time and each and every exhibit attached hereto.

**2.29** "Settlement Class" means and includes all persons within the United States who received a text message from Life Time to a cellular telephone through the use of an online texting service from January 1, 2014, through April 15, 2014.

**2.30** "Settlement Class Members" means those persons who are members of the Settlement Class, as set forth in the Settlement Class definition.

**2.31** "Settlement Costs" means all costs incurred incident to the Settlement, including but not limited to Court-awarded Plaintiffs' attorneys' fees and costs; Court-awarded service awards to the Class Representatives; notice costs; costs of claims administration; and all other costs of administering the settlement.

**2.32** "Settlement Notice Date" means 28 days after an Order Granting Preliminary Approval is entered.

**2.33** "Settlement Website" means the Internet website operated by the Claims Administrator.

**2.34** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

**2.35** "Total Settlement Payment" means the total amount Life Time will pay to settle the action, including all Settlement Costs, Cash Awards, and Membership Awards, as described in Section 4.02.

## 3. <u>All Parties Recommend Approval of the Settlement</u>

**3.01** <u>Life Time's Position on the Conditional Certification of Settlement Class</u>. Life Time disputes that a litigation class could be certified on the claims asserted in this Action. However, solely for purposes of avoiding the expense and inconvenience of

further litigation, Life Time does not oppose the certification for settlement purposes only of the Settlement Class. Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would Life Time be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action. No agreements made by or entered into by Life Time in connection with the Settlement Agreement may be used by Plaintiffs, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

**3.02**   Plaintiffs' Belief in the Merits of Case. Plaintiffs and Class Counsel believe that the claims asserted in this Action have merit and that the evidence developed to date supports those claims. This Settlement will in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs that there is any infirmity in the claims asserted by Plaintiffs, or that there is any merit whatsoever to any of the contentions and defenses that Life Time has asserted.

**3.03**   Plaintiffs Recognize the Benefits of Settlement. Plaintiffs and Class Counsel recognize and acknowledge, however, the expense and amount of time that would be required to continue to pursue this Action against Life Time, as well as the

uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Class. Plaintiffs and Class Counsel have concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiffs and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Class, is fair, reasonable, and adequate, and is in the best interests of the Class to settle as described herein.

## 4. Settlement Terms and Benefits to the Settlement Class

**4.01** Total Settlement Payment. In complete and final settlement of the Action, Life Time will pay all Settlement Costs, Cash Awards, and Membership Awards, together comprising the "Total Settlement Payment." The Minimum Total Settlement Payment will be ten million dollars ($10,000,000), and the Maximum Total Settlement Payment will be fifteen million dollars ($15,000,000). Every dollar that Life Time is required to pay in Settlement Costs will count as one dollar ($1) in calculating the Total Settlement Payment. Every Cash Award that is timely and validly claimed by a Settlement Class Member will count as one hundred dollars ($100) in calculating the Total Settlement Payment. Every Membership Award that is timely and validly claimed by a Settlement Class Member, whether claimed as a membership or credit, as defined in Section 4.02, will count as two hundred fifty dollars ($250) in calculating the Total Settlement Payment. If the Cash Awards and Membership Awards are pro rata adjusted as set forth in Section 4.03 below, the adjusted amounts will be used in calculating the Total Settlement Payment.

**4.02**   <u>Cash and Membership Awards</u>. Cash Awards and Membership Awards will be made to Settlement Class Members on a claims-made basis. Each Settlement Class Member will be entitled to make one claim for either one Cash Award or one Membership Award regardless of the number of text messages received by the Settlement Class Member on his or her cellular phone from Life Time during the Class Period.

**a.**   <u>Amount of Cash Award</u>. Each Settlement Class Member who submits an Approved Claim and elects to receive a Cash Award will receive a Cash Award payable by check in the amount of $100, subject to pro rata adjustment as set forth in Section 4.03. Checks will be negotiable for 180 days. Checks that are not cashed within the negotiable period will not result in unclaimed property under state law.

**b.**   <u>Amount of Membership Award</u>. Each Settlement Class Member who submits an Approved Claim and elects to receive a Membership Award will receive a Membership Award of three months' single membership for that Settlement Class Member at a Life Time Gold club of the Settlement Class Member's choice or $250 in credit to be applied toward the cost of a new or existing Life Time membership of any kind that provides club access and that includes the Settlement Class Member as one of the people covered by the membership. Settlement Class Members who elect the Membership Award will have a period of 180 days after the Membership Award certificate is issued, as set forth in Section 9.04, to redeem the Membership Award. Membership Awards that are not redeemed within the 180-day period will not result in unclaimed property under state law. Settlement Class Members who redeem Membership Awards will be required to sign Life Time's General Terms Agreement and Member

Usage Agreement containing membership terms and liability waivers for accessing its clubs.

**4.03** Pro Rata Adjustment of Cash and Membership Awards. The Cash Award and the monetary credit amount of the Membership Award are subject to pro rata adjustment. Within 14 days after the Effective Date, the Claims Administrator will calculate the Total Settlement Payment and make any required pro rata adjustment. The Claims Administrator will calculate the amount of Settlement Costs to be included in the Total Settlement Payment by summing the total of all amounts awarded by the Court to Plaintiffs' attorneys for fees and costs and to Class Representatives as service awards, along with all costs of notice and administration that the Claims Administrator has incurred and estimates it will incur through the conclusion of administration. The Claims Administrator will calculate the amounts of claimed Cash Awards and Membership Awards payable in response to Approved Claims as provided in Section 4.02. If the resulting Total Settlement Payment is (a) greater than the Minimum Total Settlement Payment and less than the Maximum Total Settlement Payment, there will be no pro rata adjustment; (b) less than the Minimum Total Settlement Payment, the Claims Administrator will pro rata adjust the Cash Awards and Membership Awards upward in the amount necessary to make the Total Settlement Payment match the Minimum Total Settlement Payment; or (c) greater than the Maximum Total Settlement Payment, the Claims Administrator will pro rata adjust the Cash Awards and Membership Awards downward in the amount necessary to make the Total Settlement Payment match the Maximum Total Settlement Payment. In making any pro rata adjustment, the Claims

Administrator will adjust the Cash Award and the monetary credit amount of the Membership Award in the amounts necessary to maintain a ratio of 1 to 2.5 between the Cash and Membership Award values. If there is a pro rata adjustment, the adjusted amount will be applied to each Membership Award — whether a three months' single membership at a Life Time Gold club or a monetary credit to be applied toward the cost of a new or existing Life Time membership — for purposes of calculating the amount of the Total Settlement Payment.

5. **Attorneys' Fees, Costs, and Payment to Class Representatives**

**5.01** Attorneys' Fees and Costs. Life Time agrees to pay attorneys' fees and costs in the amount awarded by the Court. Life Time will pay the awarded amount within 14 days after the Effective Date, provided it has received W-9 forms for each firm comprising Class Counsel and payment instructions to wire the payment to Baillon Thome Jozwiak & Wanta LLP by the Effective Date.

**5.02** Payment to Class Representatives. Life Time agrees to pay service awards to the Class Representatives in the amount awarded by the Court. The Class Representatives will ask the Court to award them service awards for the time and effort they have personally invested in the Action in the amount of $5,000.00 each. Life Time will pay the awarded amounts within 14 days after the Effective Date, provided it has received current W-9 forms and payment instructions from Class Counsel and the Class Representatives by the Effective Date.

**5.03** <u>Settlement Independent of Award of Fees, Costs, and Service Awards</u>. The payments of service awards and attorneys' fees and costs set forth in Sections 5.01 and 5.02 are subject to and dependent upon the Court's approval of the Settlement as fair, reasonable, adequate, and in the best interests of Settlement Class Members. However, the Settlement is not dependent or conditioned upon the Court's approving Plaintiffs' and Class Counsel's requests for such payments or awarding the particular amounts they seek. In the event the Court declines the requests or awards less than the amounts sought, the Settlement will continue to be effective and enforceable by the Parties.

**6.** **<u>Preliminary Approval</u>**

**6.01** <u>Order of Preliminary Approval</u>. Following the execution of this Agreement, the Plaintiffs will move the Court for entry of the Preliminary Approval Order in substantially the form attached as **Exhibit C**. Pursuant to the motion for preliminary approval, scheduled to be heard March 5, 2015, the Plaintiffs, with the consent of Life Time, will request that:

      **a.** the Court conditionally certify the Class for settlement purposes only;

      **b.** the Court preliminarily appoint Plaintiffs as Class Representatives for settlement purposes only;

      **c.** the Court preliminarily appoint Class Counsel as counsel for the Class for settlement purposes only;

**d.** the Court preliminarily approve the Settlement and this Agreement as fair, adequate, and reasonable, and within the reasonable range of possible final approval;

**e.** the Court approve the forms of Notice attached as **Exhibit B** and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

**f.** a Final Approval Hearing be scheduled to take place on or after 21 days after the Claims Deadline, subject to the Court's availability, and which may be continued by the Court from time to time without the necessity of further notice, to determine:

(1) Whether the proposed Settlement should be finally approved as fair, reasonable, and adequate;

(2) Whether the Final Approval Order and Judgment approving the Settlement and dismissing the Settled Action on the merits and with prejudice should be entered;

(3) Whether Class Counsel's application for an award of attorneys' fees and costs should be approved; and

(4) Whether the service awards to the Class Representatives should be approved;

**g.** the Court order that Notice to the Settlement Class, in the manner described in this Settlement Agreement, be disseminated;

**h.**     the Court set the Claims Deadline, the Objection Deadline, and the Opt-Out Deadline, and;

**i.**     the Court provide that Settlement Class Members that do not validly and timely submit Requests for Exclusion will be bound by the Final Approval Order and Judgment dismissing the Action on the merits and with prejudice, and releasing all Released Claims.

**7.**     **<u>Administration and Notification Process</u>**

**7.01**     <u>Third-Party Claims Administrator</u>. The Claims Administrator will be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, giving notice, undertaking reasonable efforts to obtain new addresses for returned email and mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing claims, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form where there is evidence of fraud (as determined by the Claims Administrator under policies and procedures developed by the Claims Administrator and approved by the Parties), directing the distribution of Cash Awards and Membership Awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Claims Administrator will provide periodic updates on the claims status to counsel for all Parties.

**7.02**    Notice Databases. To facilitate the notice and claims administration process, Life Time has provided or will provide to the Claims Administrator in an electronically searchable and readable format, data that includes the names, last known email address, last known mailing addresses, and cellular telephone numbers texted for all known members of the Settlement Class, as such information is contained in the reasonably available computerized records Life Time or its agents maintain(s). If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes or make them more costly, the Claims Administrator will so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement. Any personal information relating to the Settlement Class Members provided to the Claims Administrator or Class Counsel pursuant to this Settlement will be provided solely for the purpose of providing notice to the Settlement Class Members and allowing them to recover under this Settlement; will be kept in strict confidence; will not be disclosed to any third party; and will not be used for any other purpose.

**7.03**    Payment of Notice and Claims Administration Costs. Life Time will pay the reasonable costs of notice and settlement administration upon invoices by the Claims Administrator, on a schedule to be agreed upon by the Claims Administrator and Life Time. The Claims Administrator will maintain detailed records of the amounts spent on the administration of the Settlement and will provide that information to Life Time and Class Counsel monthly.

**8.**     <u>**Notices**</u>

**8.01**     <u>Timing of Class Notice</u>. Class Notice using the forms attached as **Exhibit B** will be provided to all persons in the Settlement Class within 28 days following entry of the Preliminary Approval Order as described herein.

**8.02**     <u>E-Mailing or Mailing of Class Notice</u>. The Claims Administrator will send the Class Notice via: (i) first class U.S. mail to all Settlement Class Members for whom a mailing address is available in Life Time's reasonably accessible electronic records; and (ii) electronic mail to all Settlement Class Members for whom a mailing address is not available but an email address is available in Life Time's reasonably accessible electronic records.

     **a.**     <u>Address Confirmation</u>. The last known mailing address of persons in the Settlement Class will be subject to confirmation or updating as follows: (a) the Claims Administrator will check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Claims Administrator will conduct a reasonable search to locate an updated address, according to best practices, for any person in the Settlement Class whose Settlement Notice is returned as undeliverable, as set forth in Section 8.02(b); (c) the Claims Administrator will update addresses based on any forwarding information received from the United States Post Office; and (d) the Claims Administrator will update addresses based on any requests received from persons in the Settlement Class.

     **b.**     <u>Re-Mailing of Returned Class Notices</u>. The Claims Administrator will promptly re-mail any Notices that are returned as non-deliverable with a forwarding

address to such forwarding address. For all returned mail that does not contain a forwarding address, the Claims Administrator will perform reasonable data searches to attempt to obtain more recent and valid mailing address information on the Settlement Class Member. All costs of such research will be considered Settlement Costs.

      **c.**    <u>Costs Considered Settlement Costs</u>. All costs of address confirmation, data searches, and re-mailing of undelivered Class Notices will be considered Settlement Costs.

**8.03**   <u>Internet Notice</u>.

By the Settlement Notice Date, the Claims Administrator will maintain and administer a dedicated settlement website (for example, www.LifeTimeTCPAsettlement.com or a similar URL) containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form that Settlement Class Members may download, complete, and submit electronically. At a minimum, such documents will include the Settlement Agreement and attached exhibits, E-mail Notice, Mail Notice, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, and when filed, briefing on Class Counsel's motion for attorneys' fees and costs, briefing on Plaintiffs' motion for service awards, the Preliminary Approval Order, and the Final Approval Order. The Settlement website will be taken down and rendered inaccessible 210 days after the Effective Date.

      **a.**    If, after review of the Notice Database, the Claims Administrator and the Parties believe it necessary to reach additional Settlement Class Members, the

Claims Administrator will design and conduct a nationwide publication website-based notice program, which each believes will fully satisfy the requirements of due process. If the nationwide publication website-based notice program is necessary, it will be agreed to by the Parties and be initiated on the Settlement Notice Date.

**8.04** <u>Toll-Free Telephone Number</u>. By the Settlement Notice Date, the Claims Administrator will set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number will be maintained until 30 days after the Claims Deadline. After that time, and until 210 days after the Effective Date, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and that details regarding the Settlement may be reviewed on the Settlement Website.

**8.05** <u>CAFA Notice</u>. Life Time, through the Claims Administrator, will be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten days of the filing of the Preliminary Approval Motion.

## 9. **Claims Process**

**9.01** <u>Claimants</u>. Each Settlement Class Member who does not timely submit a valid Request for Exclusion from the Settlement as required in this Agreement will be entitled to make a claim. Each Settlement Class Member will be entitled to make one claim regardless of the number of text messages received from Life Time by that Settlement Class Member during the Class Period.

**9.02** <u>Conditions for Claiming Cash Award or Membership Award</u>. To make an Approved Claim, Settlement Class Members must submit by the Claims Deadline a

Claim Form containing the information set forth in **Exhibit A** hereto, including the Settlement Class Member's (1) name; (2) current mailing address; (3) cellular phone number(s) texted; (4) certification that claimant was texted by Life Time on the identified cellular number(s); (5) contact telephone number; (6) contact email address; and (7) election of a Cash Award or a Membership Award. If a Settlement Class Member fails to fully complete a Claim Form or completes a Claim form incorrectly, the Claim Form will not be approved. Any Settlement Class Member who has submitted or submits an incomplete or incorrect Claim Form will be permitted to re-submit a Claim Form within 35 days of the sending of notice to that Class Member of the defect by the Claims Administrator. Class Counsel will be kept apprised of the volume and nature of defective claims and allowed to communicate with Settlement Class Members as they deem appropriate to cure deficiencies.

**9.03**    Mailing of Cash Awards.

**a.**    Initial Distribution. Checks for Cash Awards will be sent by the Claims Administrator via U.S. mail no later than 28 days after the Effective Date. If any checks are returned, the Claims Administrator will attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.02. If, after a second mailing, the check is again returned, no further efforts need be taken by the Claims Administrator to resend the check. The Claims Administrator will advise Class Counsel and counsel for Life Time of the names of the claimants whose checks are returned by the postal service as soon as practicable. Each check will be negotiable for 180 days after it is issued. Upon request by a claimant, the Claims Administrator may re-

issue checks, provided that such re-issued checks will not be negotiable beyond that date that is 180 days after the date of issuance of the original check to such claimant. Life Time will provide funding to the Claims Administrator for the Cash Awards no later than 21 days after the Effective Date.

**b.** <u>Remaining Funds</u>. After the negotiation period for all checks issued and re-issued in the Initial Distribution has expired, the Claims Administrator will use the amount of money represented by the uncashed checks to fund additional efforts to reissue, deliver, and pay Cash Awards to the Settlement Class Members who did not cash their earlier checks. The Claims Administrator will take the steps that are, in its discretion, most likely to result in the remaining funds being received by Settlement Class Members. All actions of the Claims Administrator in this phase will be paid out of the money represented by the uncashed checks. The Claims Administrator will continue efforts to distribute the funds until the sooner of either (1) the combined costs of its actions and the additional checks cashed by Settlement Class Members has exhausted the money remaining after the Initial Distribution (which will be deemed to occur when that amount is reduced to less than $1,250.00) or (2) it has taken all reasonable steps to reissue, deliver, and pay Cash Awards. In either event, the remaining money will be used to offset other costs of administration.

**9.04** <u>Mailing and emailing of Membership Awards</u>. Certificates for Membership Awards will be sent by the Claims Administrator via U.S. mail and email no later than 28 days after the Effective Date. If any mailed certificates are returned, the Claims Administrator will attempt to obtain a new mailing address for that Settlement Class

Member by taking the steps described in Section 8.02(a). If, after a second mailing, the certificate is again returned, no further efforts need be taken by the Claims Administrator to resend the certificate. The Claims Administrator will advise Class Counsel and counsel for Life Time of the names of the claimants whose certificates are returned by the postal service as soon as practicable. Each certificate may be redeemed for a period of 180 days after it is issued.

## 10.  Opt-Outs and Objections

**10.01**  Opting Out of the Settlement. Any Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a written Request for Exclusion to the Claims Administrator, postmarked no later than the Opt-Out Deadline. To be valid, a Request for Exclusion must state the Settlement Class Member's full name, address, cellular telephone number(s) on which he or she received a text from Life Time during the Class Period, and a telephone number at which he or she currently can be reached. Further, the Request for Exclusion must clearly state that the Settlement Class Member wishes to be excluded from the Settlement. Any Settlement Class Member who timely submits a valid Request for Exclusion will be excluded from the Settlement Class and will not be bound by the terms of this Agreement. Settlement Class Members who do not timely submit a valid Request for Exclusion will be bound by this Agreement and the judgment, including the releases and covenant not to sue in Section 14 below.

**10.02**  Reporting of Opt-Outs. The Claims Administrator will provide the Parties with copies of all Requests for Exclusion it receives, and will provide a list of each

Settlement Class Member who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 11.01.

**10.03** <u>Objections</u>. Any Settlement Class Member who wishes to object to the Settlement must file a written Objection with the Court no later than the Objection Deadline. The Settlement Class Member must also serve a copy of the Objection via first-class U.S. mail on Class Counsel and Life Time's Counsel. The Objection must include:

**a.** the name, address, telephone number, and email address of the Settlement Class Member who is objecting and, if represented by counsel, of his/her counsel;

**b.** proof of receipt of a text message from Life Time during the Class Period;

**c.** the reasons for his or her Objection; and

**d.** a statement whether he or she intends to appear at the Final Approval Hearing, either with or without counsel.

The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Action, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond and must appear for deposition within 14 days, if a deposition is noticed. Settlement Class Members who fail to timely file and serve written Objections, or fail to respond to discovery or make themselves available for deposition, shall be deemed to have waived

any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

**10.04** <u>Final Approval Hearing</u>. Any Settlement Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## 11. **Final Approval and Judgment Order**

**11.01** No later than 14 days prior to the Final Approval Hearing, the Claims Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02** If the Court issues the Preliminary Approval Order, and all other conditions precedent to the Settlement have been satisfied, no later than 14 days prior to the Final Approval Hearing:

**a.** All Parties will request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as **Exhibit D**, with Class Counsel filing a memorandum in support of the motion;

**b.** Life Time may, in its sole discretion, also file a memorandum in support of the motion; and

**c.** Class Counsel and/or Life Time may file a memorandum addressing any Objections submitted to the Settlement.

**11.03** At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable, and adequate, whether any Objections to the Settlement should be overruled, whether the fee award and service awards to the Class Representatives should be approved, and whether a judgment finally approving the Settlement should be entered.

**11.04** This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

    **a.** finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23(e)(1);

    **b.** finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

    **c.** finds that the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, that each Settlement Class Member will be bound by this Agreement, including the release in Sections 14.01 and 14.02, and the covenant not to sue in Section 14.03, and that this Settlement Agreement should be and is approved;

    **d.** dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted in the Action;

    **e.** permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Life Time or the Released Parties; and

     **f.**     retains jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

## 12.    **Effective Date**

     **12.01**  The Effective Date will occur:

     **a.**     Thirty days after entry of the judgment approving the Settlement if no document is filed within that time seeking appeal, review, or any relief that would result in extending the time to seek appeal or review; or

     **b.**     If any such document is filed, then five days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect without any material difference from the contents described in Section 11.04.

## 13.    **Confirmatory Discovery**

     **13.01**  Class Counsel represent that they have conducted discovery to confirm the accuracy of the information provided to them during the course of the litigation and the Parties' settlement negotiations. The purpose of that discovery was to confirm the factual record relating to the Parties' arguments regarding liability, available defenses, and the total number of Settlement Class Members, i.e., those persons who were sent text messages from or on behalf of Life Time on unique cellular telephone numbers during the Class Period and the process used to determine that number of persons. This discovery is to be used solely for purposes of this Settlement and, consistent with

Sections 16.01 and 16.02 below, may not be used for any purpose in the event this Agreement is terminated or is not fully and finally approved by the Court.

## 14. <u>Release of Claims</u>

**14.01** <u>Released Claims</u>. Plaintiffs and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined below). Plaintiffs and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to Settlement Class Members who opt out of the Settlement under Section 10.01. "Released Claims" means any and all "TCPA claims" and any and all "state law claims" based upon the alleged use of an automatic telephone dialing system to transmit text messages during the Class Period to Settlement Class members, wherein "TCPA claims" and "state law claims," as used in this sentence, mean claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, equity, territorial law, foreign law, contract, rule, regulation, or any regulatory promulgation (including, but not limited to, any opinion or declaratory

ruling), whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order. The Parties agree that Released Claims do not extend to facsimile transmissions or audio/voice telemarketing calls.

**14.02** <u>Waiver of Unknown Claims</u>. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such

intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**14.03** <u>Covenant Not To Sue</u>. Plaintiffs agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## 15. <u>Termination of Agreement</u>

**15.01** <u>Either Side May Terminate the Agreement</u>. Plaintiffs and Life Time will each have the right to unilaterally terminate this Agreement upon any of the following occurrences:

   **a.**   the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

   **b.**   an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand; or

   **c.**   any court incorporates terms into, or deletes or strikes from, or modifies, amends, or changes the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in any way that is material; or

   **d.**   the Court indicates, prior to making a final ruling on the Settlement, that the Settlement will not be approved unless material changes are made.

**15.02**  <u>Life Time May Terminate the Agreement</u>. Life Time has the right in its sole discretion, but not the obligation, to terminate the Settlement Agreement if the terms of the confidential termination provision are met.

**15.03**  <u>Exercising the Right to Terminate</u>. The right to terminate expires if it is not exercised within ten days of the triggering occurrence. To exercise the right, a Party must provide written notice of their or its election to do so ("Termination Notice") to all other Parties. If the triggering occurrence is a court making or proposing a material change to the Settlement Agreement, Preliminary Approval Order, or Final Approval Order, a Party desiring to terminate must meet and confer with the other Parties to discuss in good faith whether they can reach agreement to the change(s) before the Party may exercise the right to terminate.

**15.04**  <u>Revert to Status Quo</u>. If either Plaintiffs or Life Time terminate(s) this Agreement as provided herein, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination will not be refunded to Life Time.

## 16.  **No Admission of Liability**

**16.01**  Life Time denies any liability or wrongdoing of any kind associated with the alleged claims in the consolidated amended complaint, whether related to its conduct

or the conduct of third parties on its behalf. Life Time has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein will constitute an admission by Life Time that the Action is properly brought on a class or representative basis, or that classes may be certified in that Action, other than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Life Time or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Life Time in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**16.02** Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

17. **Miscellaneous**

**17.01** Entire Agreement. This Agreement constitutes the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

**17.02** Governing Law. This Agreement will be governed by the laws of the State of Minnesota.

**17.03** Jurisdiction. The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiffs and all Settlement Class members, for purposes of the administration and enforcement of this Agreement.

**17.04** No Construction Against Drafter. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**17.05** Resolution of Disputes. The Parties will cooperate in good faith in the administration of this Settlement, and Plaintiffs will file a motion for preliminary approval no later than February 25, 2015, as ordered by the Court. Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

**17.06** Counterparts. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to

create a document binding on all of the Parties and together will constitute one and the same instrument.

**17.07** <u>Time Periods</u>. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**17.08** <u>Authority</u>. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**17.09** <u>Modification</u>. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Life Time and Plaintiffs, and approved by the Court.

**17.10** <u>Confidentiality</u>. The Parties agree to keep the settlement terms confidential until the filing of a motion to preliminarily approve the Settlement.

**17.11** <u>Binding on Assigns</u>. This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

**17.12** <u>Conflicts</u>. In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the Settlement, the terms of the Settlement Agreement supersede and control.

**17.13** <u>Notices</u>. Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

If to Class Counsel:
Shawn J. Wanta
Baillon Thome Jozwiak & Wanta LLP
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Facsimile: (612) 252-3571
Email: sjwanta@BaillonThome.com

If to Life Time's Counsel:
Aaron Van Oort
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-8138
Facsimile: (612) 766-1600
Email: aaron.vanoort@FaegreBD.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated: 2/25/15

Plaintiff Noah Petersen

Dated:

Plaintiff Paul Sarenpa

Dated:

Plaintiff Catherine Gould

Dated:

Plaintiff Brandon Silva

Dated:

Defendant Life Time Fitness, Inc.
By: Erik Lindseth

Its Senior Vice President and
General Counsel

34

| If to Class Counsel: | If to Life Time's Counsel: |
|---|---|
| Shawn J. Wanta | Aaron Van Oort |
| Baillon Thome Jozwiak & Wanta LLP | Faegre Baker Daniels LLP |
| 100 South Fifth Street, Suite 1200 | 2200 Wells Fargo Center |
| Minneapolis, MN 55402 | 90 South Seventh Street |
| Telephone: (612) 252-3570 | Minneapolis, MN 55402-3901 |
| Facsimile: (612) 252-3571 | Telephone: (612) 766-8138 |
| Email: sjwanta@BaillonThome.com | Facsimile: (612) 766-1600 |
| | Email: aaron.vanoort@FaegreBD.com |

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated: _____     Plaintiff Noah Petersen

_____

Dated: *2/25/2015*     Plaintiff Paul Sarenpa

_____

Dated: _____     Plaintiff Catherine Gould

_____

Dated: _____     Plaintiff Brandon Silva

_____

Dated: _____     Defendant Life Time Fitness, Inc.
By: Erik Lindseth

_____

Its Senior Vice President and
General Counsel

34

Baillon Thorne Jozwiak & Wanta
LLP
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Facsimile: (612) 252-3571
Email: sjwanta@BaillonThome.com

Aaron Van Oort
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-8138
Facsimile: (612) 766-1600
Email: aaron.vanoort@FaegreBD.com

If to Life Time's Counsel:

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement
Agreement to be executed, dated as of _____, 2015.

Dated:_____ _____        Plaintiff Noah Petersen

                                _____

Dated:_____ _____        Plaintiff Paul Sarenpa

                                _____

Dated:_____ _____        Plaintiff Catherine Gould

                                _____

Dated: 2-25-15                  Plaintiff Brandon Silva

                                _____

                                34

If to Class Counsel:
Shawn J. Wanta
Baillon Thome Jozwiak & Wanta LLP
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Facsimile: (612) 252-3571
Email: sjwanta@BaillonThome.com

If to Life Time's Counsel:
Aaron Van Oort
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-8138
Facsimile: (612) 766-1600
Email: aaron.vanoort@FaegreBD.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated:_____          Plaintiff Noah Petersen

_____

Dated:_____          Plaintiff Paul Sarenpa

_____

Dated: _2/25/15_          Plaintiff Catherine Gould

_____

Dated:_____          Plaintiff Brandon Silva

_____

Dated: _____          Defendant Life Time Fitness, Inc.
                                        By: Erik Lindseth

_____

                                        Its Senior Vice President and
                                        General Counsel

34

Dated: *Febay 25, 2015*

BAILLON THOME JOZWIAK & WANTA LLP

Shawn J. Wanta, No. 0389164
Christopher D. Jozwiak, No. 386797
100 South Fifth Street
Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570

*Plaintiffs' Lead Counsel and Interim Class Counsel*

*Plaintiff's Executive Committee*

J. Gordon Rudd, Jr., #222082
Zimmerman Reed PLLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 341-0400

Katrina Carroll
Lite DePalma Greenberg, LLC
211 West Wacker Drive, Suite 500
Chicago, IL 60606
(312) 750-1265

David T. Butsch
Butsch Roberts & Associates LLC
231 South Bemiston Ave
Suite 260
Clayton, MO 63105
(314) 863-5700

Dated: _____

FAEGRE BAKER DANIELS LLP

_____

Aaron D. Van Oort
Erin L. Hoffman
Erin M. Verneris
Elsa M. Bullard
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
*Attorneys for Defendant Life Time Fitness, Inc.*

35

Dated: _____          BAILLON THOME JOZWIAK & WANTA LLP

_____

Shawn J. Wanta, No. 0389164
Christopher D. Jozwiak, No. 386797
100 South Fifth Street
Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570

*Plaintiffs' Lead Counsel and Interim Class Counsel*

*Plaintiff's Executive Committee*

J. Gordon Rudd, Jr., #222082          Katrina Carroll
Zimmerman Reed PLLP                   Lite DePalma Greenberg, LLC
1100 IDS Center                       211 West Wacker Drive, Suite 500
80 South 8th Street                   Chicago, IL 60606
Minneapolis, MN 55402                 (312) 750-1265
(612) 341-0400

David T. Butsch
Butsch Roberts & Associates LLC
231 South Bemiston Ave
Suite 260
Clayton, MO 63105
(314) 863-5700

Dated: 2/25/15          FAEGRE BAKER DANIELS LLP

_____

Aaron D. Van Oort
Erin L. Hoffman
Erin M. Verneris
Elsa M. Bullard
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
*Attorneys for Defendant Life Time Fitness, Inc.*

# EXHIBIT A

# LIFE TIME FITNESS TCPA SETTLEMENT CLAIM FORM

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE ALL OF THE INFORMATION BELOW AND SIGN THIS CLAIM FORM. YOUR CLAIM FORM MUST BE **POSTMARKED ON OR BEFORE [DATE].** LATE CLAIM FORMS WILL NOT BE CONSIDERED.

## I. CLAIMANT INFORMATION

**Claimant Name**

First Name

Middle Name

Last Name

Suffix

**Mailing Address**

Street/P.O. Box

Unit/Apt. Number

City/Town

State

Zip Code

**Contact Telephone**

(　　　) 　　　-　　　　

**Email Address**

**Notice ID** (Optional)

**Cellular Telephone Number** at which you received a text message from Life Time Fitness through the use of an online texting service from January 1, 2014 through April 15, 2014.

(　　　) 　　　-　　　　

## II. AWARD CHOICE—CASH OR MEMBERSHIP

**Choice of Award (Check ONE only)**

☐ **I would like a Cash Award of $100 (estimated).**

☐ **I would like a Membership Award, which lets me pick *either* a free 3-month single membership at a Life Time Gold club of my choice *or* a $250 credit (estimated) toward any membership covering me at any Life Time club.**

## III. CERTIFICATION AND SIGNATURE

By submitting this Claim Form, I certify that this information is true and correct.

**Signature** _____

**Date** ☐☐ / ☐☐ / ☐☐

(Month)　(Day)　(Year)

## IV. MAIL THIS CLAIM FORM TO:

Life Time Fitness Settlement Administrator
PO BOX 30182
College Station, TX 77842-3182



# EXHIBIT B1

FIRST-CLASS
MAIL U.S.
POSTAGE PAID
PERMIT NO
1234

**LEGAL NOTICE**
*A federal court authorized this Notice.*
*You are not being sued.*
*This is not a solicitation from a lawyer.*

**If you received a text message on your cell phone from Life Time Fitness from January 1, 2014 through April 15, 2014, you could get $100, a free 3-month gym membership, or a $250 membership credit from a class action settlement.**

A Settlement has been reached in a class action lawsuit claiming that Life Time Fitness unlawfully sent text messages to cell phones without the prior express consent of the recipients. Life Time denies that it did anything wrong, and the Court has not decided who is right.

**www.LifeTimeTCPAsettlement.com**
**Toll-Free Number: (877) 790-2079**

Life Time Fitness Settlement Administrator
PO BOX 30182
College Station, TX 77842-3182
Deadline to file a Claim: 7/2/2015

**You could get $100, a free 3-month gym membership, or a $250 membership credit from the Class Action Settlement described in this Notice.**



7  012345 678908

**John Q. Sample, Jr.**
123 Main Street
Apt. #4
New York, NY 12345-6789

**Who's included?** Life Time's records show you are included in this Settlement as a Settlement Class Member. The Court decided that the Settlement Class includes all persons within the United States who received a text message from Life Time to a cellular telephone through the use of an online texting service from January 1, 2014, through April 15, 2014.

**What are the Settlement terms?** Life Time will provide each Settlement Class Member who timely submits a valid claim on or before [**CLAIMS DEADLINE**] with their choice of: (1) a Cash Award of $100; or (2) a Membership Award that you can use for *either* a free 3-month single membership at a Life Time Gold club of your choice *or* a $250 credit toward any membership at any Life Time club as long as you are on the membership. Life Time has also agreed to pay Settlement Costs of court-awarded attorneys' fees and costs; court-awarded service awards to the Class Representatives; notice costs; and costs of claims administration.

The Total Settlement Payment (all Settlement Costs, plus all Cash Awards and Membership Awards) must be at least $10,000,000 and no more than $15,000,000. *Depending on the total number of claims submitted, the amounts of the Cash Award and Membership Award may be adjusted up or down to bring the Total Settlement Payment within that range.*

**How can you get an award?** To get an award, simply tear off the attached, postage pre-paid Claim Form, select your award, and sign and mail the form. You can also submit your claim online using the 11-digit number in this Notice labeled "Your Notice ID." Each Settlement Class Member may submit only one Claim. The claims deadline is [**DATE**].

**Your other options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by [**DATE**]. If you do not exclude yourself, you will release all your claims having to do with text messages sent by Life Time between January 1, 2014 and April 15, 2014. Alternatively, you may object to the Settlement by [**DATE**]. The detailed Notice available on the website explains how to exclude yourself or object. The Court will hold a hearing on [**DATE**] to consider whether to approve the Settlement and whether to award attorneys' fees of up to [**$AMOUNT**] to Class Counsel and service payments of up to $5,000 to each of the four Class Representatives. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, **call (877) 790-2079**, or visit **www.LifeTimeTCPASettlement.com.**

NO POSTAGE
NECESSARY IF
MAILED IN THE
UNITED STATES

# **BUSINESS REPLY MAIL**
FIRST-CLASS MAIL    PERMIT NO. 1234    COLLEGE STATION, TX

POSTAGE WILL BE PAID BY THE ADDRESSEE

*Mail To:*
Life Time Fitness Settlement Administrator
PO BOX 30182
College Station, TX 77842-3182

**Life Time's records show you could get $100, a free 3-month gym membership, or a $250 membership credit from a class action settlement.**
**Just tear off, select your award, sign, and mail in this Claim Form.**

**The legal notice inside this postcard explains the settlement and your rights.**

| **LIFE TIME FITNESS TCPA SETTLEMENT CLAIM FORM** | **FILING DEADLINE: [DATE]** |
|---|---|

| **Claimant Name:** John Q. Sample, Jr. | **Claimant Notice ID**: XXXXXXXXXXX | |
|---|---|---|

Sign and date below *if*: (1) you wish to submit a claim for an award from the Life Time Fitness TCPA Settlement and (2) you received a text message from Life Time Fitness from January 1, 2014 through April 14, 2014. You may submit this Claim Form by detaching this postage pre-paid card and placing it in the nearest U.S. Postal Service receptacle. By signing and submitting this Claim Form, you certify that the information provided is true and correct. If you need to edit your name, address, or other information, you must do so online.

| **Choice of Award (Check ONE only)** | □ I would like a **Cash Award** of $100 (estimated). |
|---|---|
| | □ I would like a **Membership Award**, which lets me pick *either* a free 3-month single membership at a Life Time Gold club of my choice *or* a $250 credit (estimated) toward any membership covering me at any Life Time club. |

| **Signature** | _____ | **Date** | ☐☐ / ☐☐ / ☐☐ |
|---|---|---|---|
| | | | (Month)  (Day)  (Year) |

# EXHIBIT B2

Email Notice

## Email Subject: Notice of Class Action Settlement: Life Time Fitness, Inc.

## Email Text:

## Notice of Class Action Settlement

*A federal court authorized this notice.  You are not being sued  This is not a solicitation from a lawyer.*

**If you received a text message on your cell phone from Life Time Fitness from January 1, 2014 through April, 15, 2014, you could get $100, a free 3-month gym membership, or a $250 membership credit from a class action settlement.**

A Settlement has been reached in a class action lawsuit whereby you may be entitled to compensation.

**Nature Of The Action**. The lawsuit claims that Life Time Fitness, Inc. (Life Time) violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, by sending text messages to persons without their prior express consent. Life Time denies that it did anything wrong. The Court has not decided who is right.

**How Can You Get A Payment Or Other Benefit?** To get a Cash Award or Membership Award (described in more detail below), you must submit a claim. The easiest way to submit a claim is to do so online at www.LifeTimeTCPAsettlement.com **using the 11-digit, unique identifier below.** The final amount of any Cash Award or Membership Award will depend on the total number of valid and timely claims filed. The claims deadline is **[DATE]**.

## Click here to submit a claim

## Your 11-digit unique identifier is: xxxxxxxxxxx

**Who's Included?** Life Time's records show you are included in this Settlement as a Settlement Class Member. The Court decided that the Settlement Class includes all persons within the United States who received a text message from Life Time to a cellular telephone through the use of an online texting service from January 1, 2014, through April 15, 2014.

**What Are The Settlement Terms?** Life Time will provide to each Settlement Class Member who timely submits a valid claim on or before **[CLAIMS DEADLINE]** their choice of: (1) a Cash Award of $100; or (2) a Membership Award that you can use *either* for a free 3-month single membership at any Life Time Gold club of your choice *or* for a $250 credit toward any

membership at any Life Time club as long as you are on the membership. Life Time has also agreed to pay Settlement Costs of court-awarded attorneys' fees and costs; court-awarded service awards to the Class Representatives; notice costs; and costs of claims administration.

The Total Settlement Payment (all Settlement Costs, plus all Cash Awards and Membership Awards) must be at least $10,000,000 and no more than $15,000,000. *Depending on the total number of claims submitted, the amounts of the Cash Award and Membership Award may be adjusted up or down to bring the Total Settlement Payment within $10,000,000-$15,000,000.*

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **[DATE]**. If you do not exclude yourself, you will release all your claims having to do with text messages sent by Life Time between January 1, 2014 and April 15, 2014. Alternatively, you may object to the Settlement by **[DATE]**. The detailed Notice available on the Claims Administrator's website explains how to exclude yourself or object. The Court will hold a hearing in this case, *In re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation,* Case No. 14-md-02564 (JNE-SER), MDL No. 2564, on **[DATE]** to consider whether to approve the Settlement and to award attorneys' fees and expenses of up to **[$ AMOUNT]** to Class Counsel and service payments of up to $5,000 to each of the four Class Representatives. You may appear at the hearing, either yourself or through an attorney hired and paid by you, but you don't have to.

For more information, call the Claims Administrator at (877) 790-2079 or visit the website at www.LifeTimeTCPASettlement.com.

**Website:  www.LifeTimeTCPASettlement.com**
**Toll-Free Phone Number:  (877) 790-2079**
**Address:  Life Time TCPA Settlement Administrator**
**PO BOX 30182**
**College Station, TX 77842-3182**

**Click here if you wish to no longer receive emails from the Life Time TCPA Settlement Claims Administrator. If you choose not to receive additional emails from the Lifetime TCPA Settlement Claims Administrator, you may miss important communications about the settlement and your claim, which may affect your ability to participate in the settlement and the payment or benefit you receive.**

# EXHIBIT B3

# If you received a text message from Life Time Fitness from January 1, 2014 to April 15, 2014, you could get $100, a free 3-month gym membership, or a $250 membership credit from a class action settlement.

*A Federal court authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- **Life Time Fitness, Inc. (Life Time) has agreed to settle a class action. You may submit a claim for your choice of: (1) a Cash Award of $100; or (2) a Membership Award that lets you pick *either* a free 3-month single membership at a Life Time Gold club of your choice *or* a $250 credit toward any membership at any Life Time club as long as you are on the membership. Your cash payment or Membership Award may be more or less depending on the number of claims submitted.**

- The Settlement resolves a class action lawsuit over whether texts made to cell phones violated the federal Telephone Consumer Protection Act (TCPA).

- You are included if you received a text message advertisement for Life Time from January 1, 2014 to April 15, 2014.

- As part of the Settlement, Life Time and companies involved in sending the texts will receive a "release" from Settlement Class Members. If you are a Settlement Class Member, you automatically release the claims that are covered by this Settlement unless you exclude yourself.

Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | **THE ONLY WAY TO GET A CASH AWARD OR MEMBERSHIP AWARD. You must submit your claim online at ww.LifeTimeTCPASettlement.com or by mail to Life Time Fitness Settlement Administrator, PO BOX 30182, College Station, TX 77842-3182 by [DATE].** |
| DO NOTHING | Get no Cash Award or Membership Award. Give up rights to sue Life Time and related companies for the legal claims in this case. |
| ASK TO BE EXCLUDED FROM THE SETTLEMENT | Get no Cash Award or Membership Award. This is the only option that allows you to ever be part of any other lawsuit against Life Time and related companies about the legal claims in this case. |
| OBJECT TO THE SETTLEMENT | Stay in the lawsuit and write to the Court about why you don't like the Settlement. |
| GO TO THE SETTLEMENT HEARING | Ask to speak in Court about the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Cash Awards and Membership Awards will be distributed if the Court approves the Settlement and after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I receive this notice?

You may have received a postcard or email notice because Life Time's records indicate that you may have been sent a text advertisement for Life Time from January 1, 2014 through April 15, 2014. A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. What is a class action and who is involved?

In a class action, one or more people called Class Representatives (in this case, Noah Petersen, Paul Sarenpa, Catherine Gould, and Brandon Silva) sue on behalf of people who have similar claims. All these people together are a Class or individually are called Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Class. The Court in charge of this case is the United District Court for the District of Minnesota, and the case is a class action known as *In re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation,* Case No. 14-md-02564 (JNE-SER), MDL No. 2564.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

This lawsuit claims that Life Time violated the federal TCPA by sending text messages to consumers without their prior express consent. Life Time strongly denies that it did anything wrong.

### 4. Why is there a Settlement?

The Court has not decided who is right. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with litigation and a trial, and the people affected will get benefits now rather than, if at all, years from now. The Class Representatives and the lawyers representing the Class think the Settlement is best for everyone who received these text messages.

## WHO IS IN THE SETTLEMENT?

### 5. Am I part of the Settlement?

The Court in charge of this case decided that everyone who fits within this description is a Settlement Class Member:

> All persons within the United States who received a text message from Life Time Fitness to a cellular telephone through the use of an online texting service from January 1, 2014 through April 15, 2014.

**6. How do I know if I received one of these text messages?**

If you received a postcard or email notice, you very likely received a text message(s) from Life Time on your cell phone and are a Settlement Class Member. Approximately 592,840 people received a text message advertising Life Time between January 1, 2014 and April 15, 2014.

**7. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by visiting the website www.LifeTimeTCPASettlement.com or calling (877) 790-2079.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8. How much will my Cash Award or Membership Award be?**

Life Time has agreed to provide to each Settlement Class Member who timely submits a valid claim on or before **[CLAIMS DEADLINE]** their choice of:(1) a Cash Award of $100; or (2) a Membership Award that lets you pick *either* a free 3-month single membership at a Life Time Gold club of your choice *or* a $250 credit toward any membership at any Life Time club as long as you are on the membership. Life Time has also agreed to pay Settlement Costs of court-awarded attorneys' fees and costs; court-awarded service awards to the Class Representatives; notice costs; and costs of claims administration.

Cash Awards and Membership Awards may increase or decrease in value depending on the total number of valid claims submitted. The Total Settlement Payment (all Settlement Costs, plus all Cash Awards and Membership Awards) must be at least $10,000,000 and no more than $15,000,000. *Depending on the total number of claims submitted, the amounts of the Cash Award and Membership Award may be adjusted up or down to bring the Total Settlement Payment within that range.*

**9. When will I get my Cash Award or Membership Award?**

The Court will hold a hearing on **[FINAL APPROVAL DATE]** to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You should receive a Cash Award check or Membership Award voucher from the Settlement Administrator within approximately 60 days after the Settlement has been finally approved and/or after any appeals have been resolved in favor of the Settlement. All checks and vouchers will expire and become void 180 days after they are issued.

## HOW YOU GET A CASH AWARD OR MEMBERSHIP AWARD– SUBMITTING A CLAIM FORM

**10. How can I get a Cash Award or Membership Award?**

If you want to participate in the Settlement, you must complete and submit a Claim Form by **[CLAIMS DEADLINE]**. Claim Forms can be submitted online at www.LifeTimeTCPAsettlement.com or printed from the website and submitted by mail. Submitting a claim online is simple, free, and takes only minutes!

If you received a Claim Form in the mail with a postcard summary of this Notice, simply tear off the Claim Form, select your award, and sign and mail the form. The postage is pre-paid and there is no need for a stamp.

To obtain or request a paper copy of the Claim Form, go to www.LifeTimeTCPAsettlement.com or call toll free, (877) 790-2079.

# YOUR RIGHTS AND OPTIONS

## 11. What happens if I do nothing?

If you do nothing, you won't get a Cash Award or Membership Award. And unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against Life Time or any company it hired based on the text messages covered by this lawsuit. It also means that all of the Court's orders will apply to you and legally bind you.

## 12. What if I want to file my own lawsuit?

You must exclude yourself from this Settlement to start, continue with or be part of a different lawsuit against Life Time or any company it hired for the same text messages covered by this lawsuit. If you were to file your own lawsuit for violations of the TCPA and prevail, you could obtain damages of $500 per text message, and up to $1,500 per message if sending the text message is found to be willful or knowing. However, Life Time has denied that the text messages it sent were improper, and in any future lawsuit it will assert a full range of defenses, including that it did not use an automatic telephone dialing system and that it had prior express consent to send the text messages. Please note that the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs.

## 13. What happens if I stay in the Settlement Class?

Staying in the Settlement Class means that you and others on your behalf are giving Life Time and entities who sent text messages on behalf of Life Time a complete release of any and all claims arising from the alleged use of an automatic telephone dialing system to transmit text messages to Settlement Class Members from January 1, 2014, to April 15, 2014. The Settlement Agreement (available at www.LifeTimeTCPAsettlement.com) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to Lead Class Counsel listed below for free or you can, at your own expense, talk to your own lawyer if you have any questions about the release language in the Settlement Agreement.

## 14. Can I ask to be excluded from the Settlement?

Yes. If you exclude yourself, you can't get a Cash Award or Membership Award from this Settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Life Time or any company it hired for the same text messages covered by this lawsuit. To exclude yourself, you must send a letter stating that you want to be excluded from the Settlement in *In re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation*, Case No. 14-md-02564 (JNE-SER). Your letter must include your full name and address, the cellular telephone number on which you received the text message(s), a telephone number at which you can currently be reached, and your signature. You must mail your letter requesting exclusion no later than **[EXCLUSION DEADLINE]**, to:

Life Time Fitness Settlement Administrator
PO BOX 30182
College Station, TX 77842-3182

You can't exclude yourself on the phone, by fax, or email, or by mailing a request to any location other than the address above. You must personally sign your letter requesting exclusion. No one else can sign for you, not even a lawyer.

**EXCLUSION LETTERS THAT ARE NOT POSTMARKED ON OR BEFORE [DATE] WILL NOT BE HONORED.**

## 15. If I exclude myself, can I get a Cash Award or Membership Award from this Settlement?

No. If you exclude yourself, do not send in a claim form to ask for a Cash Award or Membership Award.

**16. If I don't exclude myself, can I sue Life Time for the same text messages later?**

No. Unless you exclude yourself, you give up any right to sue the Life Time and companies it hired for the same text messages covered by this lawsuit. If you have a pending lawsuit that may relate to the claims as part of this Settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue with your own lawsuit. Remember, the exclusion deadline is **[EXCLUSION DEADLINE]**.

# THE LAWYERS REPRESENTING YOU

**17. Do I have a lawyer in this case?**

Yes, the Court has appointed the following attorneys to represent you and other Settlement Class Members: Shawn J. Wanta of Baillon Thome Jozwiak &Wanta LLP (Lead Class Counsel); David Butsch of Butsch Roberts & Associates LLC; Katrina Carroll of Lite DePalma Greenberg, LLC; and Gordon Rudd of Zimmerman Reed, PLLP. Together, these attorneys are called "Class Counsel." You will not be charged for these lawyers.

**18. Should I get my own lawyer?**

You don't need to hire your own lawyer because Class Counsel is working on your behalf. But, you may hire your own lawyer, at your own expense, if you want someone other than Class Counsel to represent you.

**19. How will the lawyers be paid?**

On or before [DATE], Class Counsel will ask the Court to approve payment of attorneys' fees and expenses in an amount up to [$ AMOUNT]. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel also will ask the Court to approve payments of $5,000 to each of the four Class Representatives for their service in representing the Class. The Court may award less than these amounts. Life Time and Class Counsel have not reached any agreement on these fees and expenses. These payments will count toward Life Time's Total Settlement Payment.

# OBJECTING TO THE SETTLEMENT

**20. How do I tell the Court that I do not think the Settlement is fair?**

If you're a Settlement Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *In Re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation*, Case No. 14-md-02564-JNE-SER. Your letter or brief must also: (1) identify all of the factual and legal reasons for your objections (including citations and supporting evidence) and attach any materials you are relying on to make your objections; (2) include your name, address, telephone number, email address, and your signature, and if you have a lawyer, his or her information; (3) proof of receipt of a text message from Life Time from January 1, 2014, to April 15, 2014; and (4) indicate whether you want to appear and speak at the Fairness Hearing, with or without your own lawyer. Your objection and any supporting papers must be filed with the Court and mailed via first-class U.S. Mail to Lead Class Counsel and Life Time's Counsel at the following addresses, no later than **[OBJECTION DEADLINE]**:

| Court | Lead Class Counsel | Life Time's Counsel |
|---|---|---|
| Clerk of the Court U.S. District Court, District of Minnesota 300 South Fourth Street 202 U.S. Courthouse Minneapolis, MN 55415 | Shawn J. Wanta Baillon Thome Jozwiak &Wanta LLP 100 South Fifth Street, Suite 1200 Minneapolis, MN 55402 | Aaron Van Oort Faegre Baker Daniels LLP 2200 Wells Fargo Center 90 South Seventh Street Minneapolis, MN 55402-3901 |

If you file an objection, the parties may seek additional information from you and may also compel you to sit for a deposition on 14 days' notice. If you fail to file and serve your objection as specified above and/or fail to respond to any information request and/or fail to make yourself available for deposition, you will be deemed to have waived your objection and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise.

**21. What's the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you stay in the Class (i.e. don't exclude yourself from the Settlement). Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object because the Settlement no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

**22. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at **[FINAL APPROVAL DATE AND TIME]** in Courtroom 12W of the United States District Court for the District of Minnesota, 300 South Fourth Street, Minneapolis, MN 55415. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing and who have complied with the requirements for submitting objections described above. The Court will also consider how much to pay Class Counsel and the Class Representatives. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

Note that the hearing may be postponed to a different date or time. If you timely objected to the Settlement and told the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date or time of the Fairness Hearing. Otherwise, it is a good idea to check www.LifeTimeTCPASettlement.com, for updates.

**23. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed and mailed on time and meets the other criteria described above, the Court will consider it. You may also pay another lawyer to attend, but it's not necessary.

**24. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include a statement in your letter or brief objecting to the Settlement saying that you, or your lawyer, intends to appear at the Final Approval Hearing in *In re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation*, Case No. 14-md-02564-JNE-SER. You must also include the information listed above in Question 20. Your objection and notice of intent to appear must be filed with the Court <u>and</u> mailed to Lead Class Counsel and Life Time's Counsel (see Question 20) no later than **[OBJECTION DEADLINE]**. You cannot speak at the Fairness Hearing if you exclude yourself from the Settlement.

# GETTING MORE INFORMATION

**25. How do I get more information?**

You can visit www.LifeTimeTCPAsettlement.com for Court documents and further details. You may also call the Claims Administrator toll free at (877) 790-2079 or contact Lead Class Counsel (see above), if you have any questions. Before doing so, however, please read this full Notice carefully.
PLEASE DO NOT DIRECT YOUR QUESTIONS TO THE COURT. THE COURT CANNOT ANSWER ANY QUESTIONS REGARDING THE SETTLEMENT.

# EXHIBIT C

| In re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation | Case No. 14-md-02564 (JNE-SER) MDL No. 2564 |
|---|---|
| This document relates to: All Actions | **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |

This matter came before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement, under Federal Rule of Civil Procedure 23(e). Based on this Court's review of the Parties' Settlement Agreement, all files and submissions, and the arguments of counsel at a hearing on March 5, 2015,

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class**

1.     <u>Settlement Terms</u>.  Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Agreement.

2.     <u>Jurisdiction</u>.  The Court has jurisdiction over the Parties, the subject matter of the dispute, and all Settlement Class Members.

3.     <u>Preliminary Findings</u>.  The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that (a) the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval; (b) the Agreement has been negotiated in good faith and at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and

(c) dissemination of the notice of the material terms of the Agreement to Settlement Class

Members for their consideration and reaction is warranted. The Court therefore grants

preliminary approval of the Settlement.

4. <u>Conditional Certification of Settlement Class</u>. Pursuant to Rules 23(a) and

23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the settlement only,

the Court hereby conditionally certifies this action as a class action on behalf of the

following Settlement Class:

> All persons within the United States who received a text
> message from Life Time Fitness, Inc. to a cellular telephone
> through the use of an online texting service from January 1,
> 2014, through April 15, 2014.

5. In connection with this conditional certification for settlement purposes, the

Court makes the following preliminary findings:

a. The Settlement Class appears to be so numerous that joinder of all

members is impracticable;

b. There appear to be questions of fact or law common to the

Settlement Class for purposes of determining whether the Settlement should be approved;

c. Plaintiffs' claims appear to be typical of the claims being resolved

through the Settlement;

d. Plaintiffs appear to be capable of fairly and adequately protecting the

interests of all members of the Settlement Class in connection with the Settlement.

e. For purposes of determining whether the Agreement is fair,

reasonable, and adequate, common questions of law and fact appear to predominate over

questions affecting only individual persons in the Settlement Class. Accordingly the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

        f.     For purposes of settlement, certification of the Settlement Class appears to be superior to other available means for the fair and efficient settlement of the claims of the Settlement Class.

     6.    <u>Appointment of Class Representative</u>.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, the Named Plaintiffs Noah Peterson, Paul Sarenpa, Catherine Gould, and Brandon Silva are members of the Settlement Class and that, for Settlement purposes only, they adequately satisfy the requirement of typicality and adequately represent the interests of the Settlement Class Members.  The Court hereby appoints the Named Plaintiffs Noah Peterson, Paul Sarenpa, Catherine Gould, and Brandon Silva as Class Representatives of the Settlement Class.

     7.    <u>Appointment of Class Counsel</u>.  Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having found Lead Counsel and members of Plaintiffs' Executive Committee to be adequate, the Court hereby appoints Lead Counsel and Plaintiffs' Executive Committee as Class Counsel to represent the Settlement Class.

**B.**    **The Final Approval Hearing**

     1.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Approval Hearing on [____] 2015 at [____] a.m., for the purposes of:

(a)     Determining whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, whether the Action should be certified as a class action for purposes of effectuating the Settlement;

(b)     Determining whether the Settlement on the terms and conditions set forth in the Agreement, is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court;

(c)     Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for in the Agreement;

(d)     Considering the application of the Class Representatives for service awards, as provided for in the Settlement Agreement;

(e)     Reviewing objections, if any, regarding the Settlement Agreement;

(f)     Determining the validity of Requests for Exclusion, if any, and excluding from the Settlement Class those Persons who validly and timely requested exclusion;

(g)     Considering whether the Court should enter the [Proposed] Order Approving Class Action Settlement and dismiss the Action with prejudice;

(h)     Ruling upon such other matters as the Court may deem necessary and appropriate.

2.      No later than [DATE], which is fourteen (14) days prior to the Final Approval Hearing, Plaintiffs must file papers in support of final approval of the Settlement and respond to any written objections. Defendant may, but is not required to,

file papers in support of final approval of the Settlement, so long as it does so no later than [SAME DATE].

3. _Appearance at Final Approval Hearing_. Attendance at the Final Approval Hearing is not necessary; however, any Persons wishing to be heard orally with respect to approval of the Settlement, the application for attorneys' fees and expenses, or the application for payments to the Class Representatives, are required to provide written notice of their intention to appear at the Final Approval Hearing no later than [DATE], which is the Opt-Out Deadline and Objection Deadline. Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

4. _Objection and Opt-Out Deadline_. Settlement Class Members who wish to either object to the Settlement or opt out by submitting a Request for Exclusion must do so by the Objection Deadline and the Opt-Out Deadline of [DATE], both of which are sixty (60) days after the Settlement Notice Date. Settlement Class Members may not both object and request exclusion. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will control.

**C. Objections to Settlement.**

Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for attorneys' fees and expenses, or service awards to Class Representatives, must do so on or before the Objection Deadline. In order to object, the Settlement Class Member must file a written objection with the Court on or before the Objection Deadline and serve it via mail on Class Counsel and Counsel for Life Time and

include: (a) the name, address, telephone number, and email address of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; and (b) proof that the Settlement Class Member received a text message from Life Time during the Class Period. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. If the Settlement Class Member, with or without counsel, intends to appear at the Final Approval Hearing, he/she must also file a Notice of Appearance with the Court. Any Settlement Class Member who fails to file and submit and serve timely a written objection and notice of his or her intent to appear at the Final Approval Hearing pursuant to this Section, as detailed in the Notice, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means. Such papers must be filed electronically with the Court or filed by delivery to:

Clerk of the Court<br>
U.S. District Court, District of Minnesota<br>
300 South Fourth Street<br>
202 U.S. Courthouse<br>
Minneapolis, MN 55415

Such papers must also be served by mail on Class Counsel and Counsel for Life Time listed below:

**Class Counsel**

Shawn J. Wanta
BAILLON THOME JOZWIAK &
WANTA LLP
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402

**Counsel for Life Time**

Aaron Van Oort
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

<u>Response to Objections</u>. Any response by the Parties to timely, completed objections must be filed with the Court and served no later than fourteen (14) days prior to the Final Approval Hearing. The Parties will have the right to depose any objector to assess whether the objector has standing.

**D.     Procedure for Requesting Exclusion from the Settlement Class**

1.      Any person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. To submit a Request for Exclusion, a Settlement Class Member must follow the direction in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice postmarked on or before the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, cellular telephone number on which he or she received a text message from Life Time during the Class Period, and that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all the information described above is included. Requests for Exclusion purportedly filed on behalf of multiple persons or classes of persons are prohibited and will be deemed to be void.

2.      If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will not be a Settlement Class Member, and the Agreement and

any determinations and judgments concerning it will not bind the excluded person, who will have no rights under the Agreement.

3.      Any Settlement Class Member who does not send a completed, signed Request for Exclusion to the Claims Administrator post-marked on or before the Opt-Out Deadline will be deemed to be a member of the Settlement Class for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Agreement, if finally approved by the Court.

**E.      The Court Approves the Form and Method of Class Notices**

1.      Claims Administrator.  Pursuant to the Agreement, KCC LLC ("KCC") is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

2.      Class Notices.  The Court approves, as to form and content, the proposed Class Notices, which are Exhibits A, B1, B2, and B3 respectively, to the Settlement Agreement.  The Court finds that the Class Notices are reasonably calculated to apprise Settlement Class Members of the pendency of the Action, their right to object to the proposed Settlement, request exclusion from the Settlement Class, or participate.

3.      Distribution of Class Notices.

(a)      The Court finds that the distribution of the Class Notices substantially in the manner and form set forth in the Settlement Agreement and Exhibits A, B1, B2, and B3 thereto, meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto.

4.     The Court directs the Claims Administrator to establish a Settlement website, making available copies of this Order, Class Notices, the Settlement Agreement and all Exhibits thereto, instructions on how to submit Claims online or by mail, Orders of the Court pertaining to the Settlement, and such other information as may be of assistance to Settlement Class Members or required under the Agreement.

(a)     The Claims Administrator is ordered to cause the Class Settlement Notice to be disseminated to potential Settlement Class Members no later than [DATE], which is twenty-eight (28) days from the date of this Order.

(b)     The Claims Administrator shall file with the Court proof of compliance with the Class Notice plan, proof that Notice was provided in accordance with the Agreement and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715, no later than fourteen (14) days prior to the Final Approval Hearing.

## F.     Miscellaneous Provisions

1.     <u>Stay</u>.  Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation unrelated to the approval of the Settlement, the motion for attorneys' fees and expenses, and the motion for payments to Class Representatives are stayed.

2.     <u>Termination of Settlement</u>.  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement.

3.      Use of Order.  This Order shall not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against any of the Released Parties of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense that he, she, or it may have in the event the Settlement Agreement is terminated. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Parties, Plaintiffs, or the Class.

4.      Reasonable Procedures to Effectuate the Settlement. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, changes to the form or content of the Notice and Claim Forms and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

5.      The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

6.      Schedule of Future Events. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **March 6, 2015** | Placeholder date for grant of preliminary approval motion |
| **March 6, 2015** [10 days after February 25 filing of motion for preliminary approval, adjusted for the weekend] | Deadline to serve Class Action Fairness Act notice required by 28 U.S.C. § 1715 |
| **April 3, 2015** [28 days after the date of preliminary approval order] | Settlement Notice Date |
| **May 1, 2015** [28 days after the Settlement Notice Date] | Deadline for Plaintiffs' Motion for Attorneys' Fees and Service Awards |
| **June 2, 2015** [60 days after the Settlement Notice Date] | Opt-Out and Objection Deadline |
| **July 2, 2015** [90 days after the Settlement Notice Date] | Claims Deadline |
| **July 9, 2015** [14 days before the Final Approval Hearing] | Deadline for Parties to file the following: (1) List of Persons who submitted timely and proper Requests for Exclusion; (2) Proof of CAFA Notice and Class Notice; and (3) Motion and Memorandum in Support of Final Approval, including responses to any Objections |
| **July 23, 2015, or later** [21 days after Claims Deadline] | Final Approval Hearing |

IT IS SO ORDERED.


Dated: _____, 2015                    _____
                                          Hon. Joan N. Ericksen
                                          United States District Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation | Case No. 14-md-02564 (JNE-SER) MDL No. 2564 |
| This document relates to: All Actions | **[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT** |

The Court having held a Final Approval Hearing on [DATE], and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order, and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

1.     This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.     Beginning April 17, 2014, five separate class actions were filed against Life Time (or a related entity) in various jurisdictions. At the request of Life Time, the actions were consolidated and assigned by the Judicial Panel on Multidistrict Litigation to the Honorable Joan N. Ericksen of the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1407. In a consolidated amended complaint, Plaintiffs assert a claim on behalf of themselves and a similarly situated class that Life Time

violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 ("TCPA") by sending Plaintiffs and members of the class unsolicited text messages.

3.      The Settlement Class was conditionally certified for settlement purposes in this Court's Preliminary Approval Order:

> All persons within the United States who received a text message from Life Time Fitness, Inc. to a cellular telephone through the use of an online texting service from January 1, 2014, through April 15, 2014.

4.      The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members (as defined above), including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Class, and dismiss this Action with prejudice.

5.      The Court finds that, for purposes of approving and effectuating the Settlement embodied in the Settlement Agreement, and only for such purposes, the prerequisites for certifying this Action as a class action under Federal Rule of Civil Procedure No. 23(a) and (b)(3) have been met, in that: (a) the Members of the Settlement Class are so numerous that joinder of all individual Settlement Members is impracticable; (b) there are questions of law and fact common to the Settlement Class, which questions predominate over individual questions; (c) the claims of the Class Representatives are typical of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the issues relating to the Settlement.

6.    A total of [number] Settlement Class Members submitted timely and proper Requests for Exclusion. (*See* [report from Class Administrator].)  The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Agreement, and neither will they be entitled to any of its benefits.  Those individuals will not be bound by this Order and final judgment or the releases herein.

7.    The Class Representatives appointed in this Court's Order Preliminarily Approving Class Action Settlement have fairly and adequately represented the Settlement Class throughout the proceedings and are hereby finally confirmed and appointed as Class Representatives.

8.    Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class throughout the proceedings and for purposes of entering into and implementing the Settlement, and thus hereby reiterates the appointment of Class Counsel as Class Counsel to represent the Settlement Class.

9.    Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the Settlement Class Notice provided to the Settlement Class constitutes the best and most practicable notice under the circumstances. The Notice Program was designed to provide notice in the manner most likely to be received and read by Settlement Class Members. Defendant has filed with the Court proof of compliance with the Notice Program in accordance with this Court's Preliminary Approval Order. The Settlement Class received valid, due, and

sufficient notice that complied fully with Federal Rule of Civil Procedure 23 and the Constitutional requirements of due process.

10.     The Court hereby finds and concludes that the notice provided by the Claims Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

11.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a hearing and based upon all submissions of the Parties and interested Persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the Agreement are the product of lengthy, arm's-length negotiations. Approval of the Settlement will result in substantial savings of time, money, and effort to the Court and the Parties, and will further the interests of justice. The Court hereby finally approves the Agreement, the exhibits, and the Settlement contemplated thereby, and directs its consummation pursuant to its terms and conditions.

12.     A total of [number] Settlement Class Members submitted timely and proper Objections to the Amended Settlement Agreement.  (*See* [docket citations].)  Having considered those Objections and the Parties' responses to them, the Court finds that none of them are well founded and each is overruled in its entirety.

13.     Having considered the submissions by Class Counsel and all other relevant factors, the Court finds that Class Counsel have expended substantial time and effort in their able prosecution of claims on behalf of the Settlement Class. The Class Representatives initiated the Action, acted to protect the Settlement Class, and assisted Class Counsel. The efforts of Class Representatives and Class Counsel have produced a

Settlement Agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Settlement Class. Class Counsel is entitled to reasonable attorneys' fees for their work, which the Court finds to be $[___], including reasonable expenses incurred in the litigation. The Class Representatives are entitled to service awards in the amount of $[___] each. Payments to the Class Representatives and attorneys' fees awarded shall be paid by Defendant within twenty-one (21) days after the Effective Date, in accordance with the Agreement. Class Counsel, in their sole discretion, are hereby authorized to allocate and distribute the fees among Plaintiffs' Counsel.

14.     All Settlement Class Members who have not been excluded above are bound by this Order, the accompanying Final Judgment, and by the terms and provisions of the Settlement Agreement incorporated herein.

15.     The Court hereby dismisses the Action, as defined in the Agreement, with prejudice, without costs to any party, except as awarded above.

16.     The Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of the Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

17.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining,

prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

18. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, this Order and the final judgment, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of liability, fault or wrongdoing, or in any way referred to for any other reason, by any Class Representative, Settlement Class Member, Defendant, Releasing Party or Released Party in the Action or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the provisions of the Agreement, this Order and the final judgment. Without affecting the finality of this Judgment, the Court, under the Court's contempt power, retains exclusive jurisdiction over this Action and thus all Defendants, Plaintiffs, and Settlement Class Members in this Action regarding the Settlement including without limitation the Settlement Agreement and this Order. Defendants, Plaintiffs, and Settlement Class Members in this Action are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released

Claims, this Order, or the Settlement Agreement, including but not limited to the applicability of the Released Claims, the Settlement Agreement, or this Order.

19.     No opinions concerning the tax consequences of the Settlement to Settlement Class Members have been given, and no representations or warranties regarding such tax consequences are made in the Agreement. The Parties and their respective counsel shall not be liable to any party or person for any tax consequences that result from the implementation of this Settlement. Settlement Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the Settlement and any tax reporting obligations with respect to it.

20.     The Court reserves jurisdiction over the implementation, administration and enforcement of this Order, the final judgment, the Agreement, and all other matters that the Court may deem ancillary thereto. Nothing in this Order or the final judgment shall preclude any action to enforce the terms of the Agreement; nor shall anything in this Order or the final judgment preclude Plaintiffs or Settlement Class Members from participating in the claims process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

21.     The Parties and their counsel are hereby directed to implement the Settlement Agreement according to its terms and provisions.

22.     As of the date of this Order, a total of [number] Settlement Class Members submitted timely and proper claims.  The Court hereby orders that these claims, and any other claims subsequently determined to be timely and proper by the Class Administrator

pursuant to the terms set forth in the Settlement Agreement, be treated as Approved

Claims for purposes of distributing Cash Awards and Membership Awards.

23.     By attaching the Agreement as an exhibit and incorporating its terms

herein, the Court determines that this Order complies in all respects with Federal Rule of

Civil Procedure 65(d)(1).

24.     The Court will separately enter a final judgment in accordance with Federal

Rule of Civil Procedure 58.


IT IS SO ORDERED.

Dated: [], 2015                    _____

                                             Hon. Joan N. Ericksen
                                             United States District Judge