UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re: Life Time Fitness, Inc.　　　　　　　No. 14-md-2564 (JNE/SER)
Telephone Consumer Protection Act　　　**Order Preliminarily Approving**
(TCPA) Litigation　　　　　　　　　　　**Class Action Settlement**

---

This matter came before the Court on March 5, 2015 on the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. ECF No. 27. For the reasons stated below, and based upon the review of the Parties' Settlement Agreement, the arguments of counsel, the revisions to the Class Notices submitted to the Court on March 6, 2015, and all files and submissions in this matter, the motion is GRANTED and IT IS HEREBY ORDERED:

**A.　The Settlement Class.**

1.　<u>Settlement Terms</u>. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2.　<u>Jurisdiction</u>. The Court has jurisdiction over the Parties, the subject matter of the dispute, and all Settlement Class Members.

3.　<u>Preliminary Findings</u>. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that (a) the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval; (b) the Agreement has been negotiated in good faith and at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) dissemination of the notice of the material terms

of the Agreement to Settlement Class Members for their consideration and reaction is warranted. The Court therefore grants preliminary approval of the Settlement.

4. <u>Conditional Certification of Settlement Class</u>. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby conditionally certifies this action as a class action on behalf of the following Settlement Class:

> All persons within the United States who received a text message from Life Time Fitness, Inc. to a cellular telephone through the use of an online texting service from January 1, 2014, through April 15, 2014.

5. In connection with this conditional certification for settlement purposes, the Court makes the following preliminary findings:

    a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    b. There appear to be questions of fact or law common to the Settlement Class for purposes of determining whether the Settlement should be approved;

    c. Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

    d. Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

    e. For purposes of determining whether the Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

    f.  For purposes of settlement, certification of the Settlement Class appears to be superior to other available means for the fair and efficient settlement of the claims of the Settlement Class.

  6.  <u>Appointment of Class Representative</u>.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, the Named Plaintiffs Noah Peterson, Paul Sarenpa, Catherine Gould, and Brandon Silva are members of the Settlement Class and that, for Settlement purposes only, they adequately satisfy the requirement of typicality and adequately represent the interests of the Settlement Class Members.  The Court hereby appoints the Named Plaintiffs Noah Peterson, Paul Sarenpa, Catherine Gould, and Brandon Silva as Class Representatives of the Settlement Class.

  7.  <u>Appointment of Class Counsel</u>.  Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having found Lead Counsel and members of Plaintiffs' Executive Committee to be adequate, the Court hereby appoints Lead Counsel and Plaintiffs' Executive Committee as Class Counsel to represent the Settlement Class.

**B.** **The Final Approval Hearing.**

  8.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Approval Hearing on July 30, 2015 at 9:30 a.m., for the purposes of:

    a.  Determining whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, whether the Action should be certified as a class action for purposes of effectuating the Settlement;

b. Determining whether the Settlement on the terms and conditions set forth in the Agreement, is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court;

c. Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for in the Agreement;

d. Considering the application of the Class Representatives for service awards, as provided for in the Settlement Agreement;

e. Reviewing objections, if any, regarding the Settlement Agreement;

f. Determining the validity of Requests for Exclusion, if any, and excluding from the Settlement Class those Persons who validly and timely requested exclusion;

g. Considering whether the Court should enter an Order Approving Class Action Settlement and dismiss the Action with prejudice; and

h. Ruling upon such other matters as the Court may deem necessary and appropriate.

2. No later than July 16, 2015, which is fourteen (14) days prior to the Final Approval Hearing, Plaintiffs must file papers in support of final approval of the Settlement and respond to any written objections. Defendant may, but is not required to, file papers in support of final approval of the Settlement, so long as it does so no later than July 16, 2015.

3. <u>Appearance at Final Approval Hearing</u>. Attendance at the Final Approval Hearing is not necessary; however, any Persons wishing to be heard orally with respect to approval of the Settlement, the application for attorneys' fees and expenses, or the application for payments to the Class Representatives, are required to provide written notice of their intention to appear at the Final Approval Hearing no later than June 5, 2015, which is the Opt-Out Deadline

and Objection Deadline. Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

    4.    <u>Objection and Opt-Out Deadline</u>. Settlement Class Members who wish to either object to the Settlement or opt out by submitting a Request for Exclusion must do so by the Objection Deadline and the Opt-Out Deadline of June 5, 2015, both of which are sixty (60) days after the Settlement Notice Date. Settlement Class Members may not both object and request exclusion. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will control.

**C.**    **Objections to Settlement.**

    1.    <u>Objections.</u> Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for attorneys' fees and expenses, or service awards to Class Representatives, must do so on or before the Objection Deadline.

In order to object, the Settlement Class Member must file a written objection with the Court on or before the Objection Deadline and serve it via mail on Class Counsel and Counsel for Life Time and include: (a) the name, address, telephone number, and email address of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; and (b) proof that the Settlement Class Member received a text message from Life Time during the Class Period. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. If the Settlement Class Member, with or without counsel, intends to appear at the Final Approval Hearing, he/she must also file a Notice of Appearance with the Court. Any Settlement Class Member who fails to file and submit and serve timely a written objection and notice of his or her intent to appear at

the Final Approval Hearing pursuant to this Section, as detailed in the Notice, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

Such papers must be filed electronically with the Court or filed by delivery to:

Clerk of the Court
U.S. District Court, District of Minnesota
300 South Fourth Street
202 U.S. Courthouse
Minneapolis, MN 55415

Such papers must also be served by mail on Class Counsel and Counsel for Life Time listed below:

| **Class Counsel** | **Counsel for Life Time** |
|---|---|
| Shawn J. Wanta<br>BAILLON THOME JOZWIAK & WANTA LLP<br>100 South Fifth Street, Suite 1200<br>Minneapolis, MN 55402 | Aaron Van Oort<br>FAEGRE BAKER DANIELS LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-3901 |

2. <u>Response to Objections</u>. Any response by the Parties to timely, completed objections must be filed with the Court and served no later than fourteen (14) days prior to the Final Approval Hearing. The Parties will have the right to depose any objector to assess whether the objector has standing.

**D. Procedure for Requesting Exclusion from the Settlement Class.**

1. Any person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. To submit a Request for Exclusion, a Settlement Class Member must follow the direction in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice postmarked on

or before the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, cellular telephone number on which he or she received a text message from Life Time during the Class Period, and that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all the information described above is included. Requests for Exclusion purportedly filed on behalf of multiple persons or classes of persons are prohibited and will be deemed to be void.

2. If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person, who will have no rights under the Agreement.

3. Any Settlement Class Member who does not send a completed, signed Request for Exclusion to the Claims Administrator post-marked on or before the Opt-Out Deadline will be deemed to be a member of the Settlement Class for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Agreement, if finally approved by the Court.

**E.     The Court Approves the Form and Method of Class Notices.**

1. <u>Claims Administrator</u>. Pursuant to the Agreement, KCC LLC ("KCC") is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

2. <u>Class Notices</u>. The Court approves, as to form and content, the proposed Class Notices, which are Exhibits A, B1, B2, and B3 to the Settlement Agreement, as revised in the Parties' submission to the Court of March 6, 2015. *See* Letter to District Judge, ECF No. 28.

The Court finds that the Class Notices, as revised, are reasonably calculated to apprise Settlement Class Members of the pendency of the Action, their right to object to the proposed Settlement, request exclusion from the Settlement Class, or participate.

3. <u>Distribution of Class Notices</u>.  The Court finds that the distribution of the Class Notices substantially in the manner and form set forth in the Settlement Agreement and Exhibits A, B1, B2, and B3 thereto, as revised in the Parties' submission to the Court of March 6, 2015, meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto.

4. The Court directs the Claims Administrator to establish a Settlement website, making available copies of this Order, the revised Class Notices, the Settlement Agreement and all Exhibits thereto, instructions on how to submit Claims online or by mail, Orders of the Court pertaining to the Settlement, and such other information as may be of assistance to Settlement Class Members or required under the Agreement.

The Claims Administrator is ordered to cause the Class Settlement Notice to be disseminated to potential Settlement Class Members no later than April 6, 2015, which is twenty-eight (28) days from the date of this Order.

The Claims Administrator shall file with the Court proof of compliance with the Class Notice plan, proof that Notice was provided in accordance with the Agreement and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715, no later than fourteen (14) days prior to the Final Approval Hearing.

### F. Miscellaneous Provisions.

1. <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation unrelated to the approval of the Settlement, the motion for attorneys' fees and expenses, and the motion for payments to Class Representatives are stayed.

2. <u>Termination of Settlement</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement.

3. <u>Use of Order</u>. This Order shall not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against any of the Released Parties of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense that he, she, or it may have in the event the Settlement Agreement is terminated. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Parties, Plaintiffs, or the Class.

4. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, changes to the form or content of the Notice and Claim Forms and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

5. The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

6. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **March 6, 2015** | Deadline to serve Class Action Fairness Act notice required by 28 U.S.C. § 1715 |
| **March 9, 2015** | Preliminary Approval of Class Action Settlement granted |
| **April 6, 2015** | Settlement Notice Date |
| **May 4, 2015** | Deadline for Plaintiffs' Motion for Attorneys' Fees and Service Awards |
| **June 5, 2015** | Opt-Out and Objection Deadline |
| **July 6, 2015** | Claims Deadline |
| **July 16, 2015** | Deadline for Parties to file the following:<br>(1) List of Persons who submitted timely and proper Requests for Exclusion;<br>(2) Proof of CAFA Notice and Class Notice; and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections |
| **July 30, 2015 at 9:30 a.m.** | Final Approval Hearing |

**IT IS SO ORDERED.**

Dated: March 9, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge