Lindsey Thut
2700 N. Hayden Road, Apt. #2082
Scottsdale, Arizona 85257

June 4, 2014

Clerk of the Court
U.S. District Court
District of Minnesota
300 South Fourth Street
202 U.S. Courthouse
Minneapolis, MN 55415

RECEIVED
JUN 0 5 2015
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Re:   In Re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litigation;
      Case No. 14-md-02564-JNE-SER

Dear Clerk:

This is my objection to the proposed class action settlement in the above case. I am a consumer who received a text message from Life Time Fitness to a cellular telephone through the use of an online texting service from January 1, 2014 through April 15, 2015. At that time my cell phone number was (847) 400-6592, and it was on this number I received the text.

My name, address, telephone number and email:

Lindsey Thut ("Objector")
2700 N. Hayden Road, Apt. #2082
Scottsdale, Arizona 85257
Phone: (847) 400-6592
lindseythut@gmail.com

Objection is made to any requirement to object that is not contained in the notice and/or that is not satisfied herein. Objector does not intend on attending the fairness hearing in person or through counsel. Objector joins the objections of any other objectors or *amici* to the extent those


SCANNED
JUN 05 2015
U.S. DISTRICT COURT MPLS

objections are not inconsistent with this one. Objection is made to any settlement provision that purports to limit the right of class members to object or appeal.

I am represented by and have sought legal advice and assistance in this matter from Bandas Law Firm, P.C., Corpus Christi, Texas (www.bandaslawfirm.com) and Roach Johnston & Thut, Libertyville, Illinois (www.roachjohnstonthut.com) and this document was prepared with the assistance of counsel; no special favor or treatment is requested due to the fact that any document submitted is *pro se*.

I am mailing this objection, as indicated above and below, to the Court and to the attorneys identified.

Objection is made to the requirement that in order to object one must provide "proof of receipt of a text message from Life Time from January 1, 2014 to April 15, 2014." Life Time's own records will reflect text message(s) sent to Objector's phone number. Life Time and Class Counsel should be required to provide all information concerning text messages sent to Objector and request is made for that information to be disclosed to Objector and the Court. In addition, the Declaration of Lindsey Thut, attached hereto as Exhibit A and incorporated herein by reference, should suffice to show class membership. This requirement is calculated to drive down the number and quality of objections and renders the notice and objection process unfair. Also calculated to drive down the number and quality of objections is the threat of a deposition contained in the class notice if one objects. Objection is made to that requirement on the basis that it violates class members' due process rights in general to object to a class settlement. Notwithstanding these objections, Objector is available for a deposition in accordance with the Federal Rules of Civil Procedure.

Objection is made to the proposed request for attorneys' fees and expenses based on both

a lodestar and percentage of recovery analysis.

First, class counsel seeks to value this proposed settlement at $15 million for the purpose of justifying the attorneys' fees and expenses on a percentage of recovery methodology. Specifically, class counsel seeks to justify their proposed award of $4.2 million on the ground that it is "only" 28% of $15 million.

In reality, however, this is not a $15 million settlement. It is an "up to" $15 million settlement. Those are two very different things. The settlement is, in reality, likely to be no more than $10 million, and that amount needs to cover all settlement costs, costs of notice and administration, cash awards and membership awards. If class counsel wishes to justify its fee based on a $15 million number they should be required to wait until all claims data is in and to confirm that $15 million was, in fact, paid out. Short of that, it is unfair to tax the class members based on some hypothetical "up to" number that will likely never get reached. And $4.2 million is not 28% of $10 million (the likely number defendant will actually pay out); it is 42% of $10 million, a grossly excessive percentage.

Second, class counsel is seeking a percentage of money that should not be counted for calculating its fees. Class counsel's fee should be measured not against what the defendant pays out, but what the class actually receives. *See, eg., Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) (holding that administrative and notice costs should not be included in calculating division between class counsel and the class members), *cert. denied*, 135 S.Ct. 1429(2015).

Third, TCPA class actions do not justify anywhere close to a 6X lodestar. Attached as Exhibit B is the court's opinion in *Rose v. Bank of America*, 2014 WL 4273358 (N.D. Cal. August 29, 2014). Attached as Exhibit C is the report of M. Todd Henderson filed in the Capital

One TCPA case. Exhibits B and C are likewise incorporated herein by reference. As both the *Rose* decision and the Henderson report make clear, TCPA class actions are not high risk litigation to class counsel and do not justify anywhere near a lodestar of 6. Objector contends that anything above a lodestar of 2 would be excessive in this case.

Fourth, and finally, to the extent applicable, objection is made based upon *In re High Sulfur Content Gasoline Prods. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) (noting the district court's "independent duty ... to ensure that attorneys' fees are reasonable and divided up fairly among plaintiff's counsel").

For these reasons, Objector requests that the Court reject the proposed award of attorneys' fees and expenses.

Respectfully submitted,

Lindsey Thut

cc: Shawn J. Wanta
Baillon Thome Jozwiak &Wanta LLP
100 South Fifth Street
Suite 1200
Minneapolis, MN 55402

Aaron Van Oort
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901