UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br>LIFE TIME FITNESS, INC.,<br>TELEPHONE CONSUMER<br>PROTECTION ACT (TCPA)<br>LITIGATION<br><br>This document relates to:<br>All Actions | No. 14-md-2564 (JNE/SER)<br>MDL No. 2564<br><br>**ORDER APPROVING CLASS<br>ACTION SETTLEMENT** |

The Court held a Final Approval Hearing on November 17, 2015. Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. The Motion for Final Approval of Settlement [Docket No. 95] is GRANTED.

2. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently in this Order. The terms of this Court's Order Preliminarily Approving Class Action Settlement are also incorporated by reference in this Order.

3. Beginning April 17, 2014, five separate class actions were filed against Life Time (or a related entity) in various jurisdictions. At the request of Life Time, the actions were consolidated and assigned by the Judicial Panel on Multidistrict Litigation to the Honorable Joan N. Ericksen of the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1407. In a consolidated amended complaint, Plaintiffs assert a claim on behalf of themselves and a similarly situated class that Life Time

violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending Plaintiffs and members of the class unsolicited text messages.

4. The Settlement Class was conditionally certified for settlement purposes in this Court's Order Preliminarily Approving Class Action Settlement:

> All persons within the United States who received a text message from Life Time Fitness, Inc. to a cellular telephone through the use of an online texting service from January 1, 2014, through April 15, 2014.

5. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members, including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Class, and dismiss this Action with prejudice.

6. The Court finds that, for purposes of approving and effectuating the Settlement embodied in the Settlement Agreement, and only for such purposes, the prerequisites for certifying this Action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been met, in that: (a) the Members of the Settlement Class are so numerous that joinder of all individual Settlement Members is impracticable; (b) there are questions of law and fact common to the Settlement Class, which questions predominate over individual questions; (c) the claims of the Class Representatives are typical of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the issues relating to the Settlement.

7. A total of ten Settlement Class Members submitted timely and proper Requests for Exclusion. (*See* Declaration of Jeffrey Gyomber, Docket No. 106.) The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Agreement, and neither will they be entitled to any of its benefits. Those individuals will not be bound by this Order and final judgment or the releases herein.

8. The Class Representatives appointed in this Court's Order Preliminarily Approving Class Action Settlement have fairly and adequately represented the Settlement Class throughout the proceedings and are hereby finally confirmed and appointed as Class Representatives.

9. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class throughout the proceedings and for purposes of entering into and implementing the Settlement, and thus hereby reiterates the appointment of Class Counsel as Class Counsel to represent the Settlement Class.

10. Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the Settlement Class Notice provided to the Settlement Class constitutes the best and most practicable notice under the circumstances. The Notice Program was designed to provide notice in the manner most likely to be received and read by Settlement Class Members. Defendant has filed with the Court proof of compliance with the Notice Program in accordance with this Court's Preliminary Approval Order. The Settlement Class received valid, due, and

sufficient notice that complied fully with Federal Rule of Civil Procedure 23 and the constitutional requirements of due process.

11.     The Court hereby finds and concludes that the notice provided by the Claims Administrator to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

12.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a hearing and based upon all submissions of the Parties and interested Persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the Agreement are the product of lengthy, arm's-length negotiations. Approval of the Settlement will result in substantial savings of time, money, and effort to the Court and the Parties, and will further the interests of justice. The Court hereby finally approves the Agreement, the exhibits, and the Settlement contemplated thereby, and directs its consummation pursuant to its terms and conditions.

13.     A total of one Settlement Class Member submitted a timely and proper Objection to the terms of the settlement [Docket No. 46]. Having considered that Objection and the Parties' responses to it, the Court finds that it is not well founded and it is overruled in its entirety. At her deposition, the Settlement Class Member who objected testified that she had no objections to the settlement apart from Class Counsel's request for attorneys' fees.

14.     Having considered the submissions by Class Counsel and all other relevant factors, the Court finds that Class Counsel have expended substantial time and effort in their able prosecution of claims on behalf of the Settlement Class. The Class

Representatives initiated the Action, acted to protect the Settlement Class, and assisted Class Counsel. The efforts of Class Representatives and Class Counsel have produced a Settlement Agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Settlement Class. Class Counsel is entitled to reasonable attorneys' fees for their work, which the Court finds to be $2,800,000, including reasonable expenses incurred in the litigation. The Class Representatives are entitled to service awards in the amount of $3,000 each. Payments to the Class Representatives and attorneys' fees awarded shall be paid by Defendant within 14 days after the Effective Date, in accordance with the Agreement. Class Counsel, in their sole discretion, are hereby authorized to allocate and distribute the fees among Plaintiffs' Counsel.

15. All Settlement Class Members who have not been excluded above are bound by this Order, the accompanying Final Judgment, and by the terms and provisions of the Settlement Agreement incorporated herein.

16. The Court hereby dismisses the Action, as defined in the Agreement, with prejudice, without costs to any party, except as awarded above.

17. The Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of the Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

18. Each and every Settlement Class Member, and any person actually or

purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Nothing contained in this Order is intended to restrict any Settlement Class Member from contacting, assisting or cooperating with any government agency regarding any Released Claim.

19. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, this Order and the final judgment, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of liability, fault or wrongdoing, or in any way referred to for any other reason, by any Class Representative, Settlement Class Member, Defendant, Releasing Party or Released Party in the Action or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the provisions of the Agreement, this Order and the final judgment. Without affecting the finality of the judgment, the Court, under the Court's contempt power, retains exclusive jurisdiction over this Action and thus all Defendants, Plaintiffs, and Settlement Class Members in this Action regarding the Settlement including without limitation the Settlement Agreement

and this Order. Defendants, Plaintiffs, and Settlement Class Members in this Action are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, or the Settlement Agreement, including but not limited to the applicability of the Released Claims, the Settlement Agreement, or this Order.

20. No opinions concerning the tax consequences of the Settlement to Settlement Class Members have been given, and no representations or warranties regarding such tax consequences are made in the Agreement. The Parties and their respective counsel shall not be liable to any party or person for any tax consequences that result from the implementation of this Settlement. Settlement Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the Settlement and any tax reporting obligations with respect to it.

21. The Court reserves jurisdiction over the implementation, administration and enforcement of this Order, the final judgment, the Agreement, and all other matters that the Court may deem ancillary thereto. Nothing in this Order or the final judgment shall preclude any action to enforce the terms of the Agreement; nor shall anything in this Order or the final judgment preclude Plaintiffs or Settlement Class Members from participating in the claims process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

22. The Parties and their counsel are hereby directed to implement the Settlement Agreement according to its terms and provisions.

23. As of the date of this Order, a total of 29,843 Settlement Class Members submitted timely and proper claims. The Court hereby orders that these claims, and any other claims subsequently determined to be timely and proper by the Class Administrator pursuant to the terms set forth in the Settlement Agreement, be treated as Approved Claims for purposes of distributing Cash Awards and Membership Awards.

24. By incorporating the Agreement's terms herein, the Court determines that this Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

25. The Court will separately enter a final judgment in accordance with Federal Rule of Civil Procedure 58.

Dated: December 1, 2015

                                                                 s/Joan N. Ericksen
                                                                  JOAN N. ERICKSEN
                                                                  United States District Judge