## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br>LIFE TIME FITNESS, INC.,<br>TELEPHONE CONSUMER<br>PROTECTION ACT (TCPA)<br>LITIGATION<br><br><br>This document relates to:<br>All Actions | No. 14-md-2564 (JNE/SER)<br>MDL No. 2564<br><br>**ORDER REGARDING AWARD OF<br>ATTORNEYS' FEES AND COSTS,<br>AND PAYMENT OF SERVICE<br>AWARDS** |

Plaintiffs Noah Petersen, Paul Sarenpa, Catherine Gould, and Brandon Silva and their counsel have made an application pursuant to Rule 23 of the Federal Rules of Civil Procedure for an award of attorneys' fees, reimbursement of expenses of Class Counsel, and payment of service awards for Class Representatives. On November 17, 2015, the Court held a Final Approval Hearing. Based on the files, records, and proceedings herein, the Court makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT

1.      On February 25, 2015, Plaintiffs Noah Petersen, Paul Sarenpa, Catherine Gould, and Brandon Silva ("Plaintiffs") entered into a Settlement Agreement ("Agreement"), on behalf of themselves and on behalf of each of the purported Settlement Class Members, with Life Time Fitness, Inc. ("Defendant"). This Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement unless set forth differently herein.

2.      On March 9, 2015, the Court entered an Order Preliminarily Approving Class Action Settlement. By its Order, the Court preliminarily approved the Agreement;

conditionally certified the Settlement Class; appointed Class Representatives; appointed Class Counsel; directed that notice be provided to the Settlement Class; and scheduled a Final Approval Hearing.  Shawn Wanta and Christopher D. Jozwiak of Baillon Thome Jozwiak & Wanta LLP; J. Gordon Rudd, Jr. of Zimmerman Reed PLLP; David T. Butsch of Butsch Roberts & Associates LLC; and Katrina Carroll of Lite DePalma Greenberg, LLC were appointed Class Counsel.

3.      Notice has been provided to the Settlement Class Members in accordance with the March 9 Order.  The notice disclosed the maximum amounts that Class Counsel would seek in attorneys' fees and expenses and that Class Representatives would seek in service awards.

4.      In June 2015, the Court received one objection from a Settlement Class Member.

5.      The Court held a Final Approval Hearing on November 17, 2015.

6.      In the Agreement, Defendant agreed to make a Total Settlement Payment of at least $10,000,000 and no more than $15,000,000.  Defendant's Total Settlement Payment covers Settlement Costs, Cash Awards, and Membership Awards.  Given the anticipated Settlement Costs and the claims by Settlement Class Members to Cash Awards and Membership Awards, a pro rata adjustment that significantly increases the Cash Award and the monetary credit amount of the Membership Award will be required to make Defendant's Total Settlement Payment amount to $10,000,000.

7.      Class Counsel have expended substantial time and effort in their prosecution of claims on behalf of Plaintiffs and the Settlement Class.

8.     Plaintiffs are entitled to their reasonable attorneys' fees and reimbursement for expenses in the amount of $2,800,000.  This amount includes reasonable expenses incurred by Plaintiffs and Class Counsel in the litigation.  Plaintiffs' fee and expense request is reasonable under the percentage-of-the-benefit method given that: (a) the requested award is typical of that awarded in other class actions and TCPA settlements; (b) Class Counsel obtained a substantial benefit for the class; (c) Class Counsel assumed significant risk in taking on this Action on a contingency basis; (d) this Action presented difficult legal questions; (e) Class Counsel devoted significant time and effort to this Action; and (f) there was only one objection.

9.     The Class Representatives initiated the Action, acted to protect the Settlement Class, and assisted Class Counsel throughout settlement negotiation and ligation. Their efforts have produced a Settlement Agreement entered into in good faith that provides a fair, reasonable, adequate, and certain result for the Settlement Class.

10.     The Class Representatives are entitled to service awards in the amount of $3,000 each for their efforts and time in these proceedings.

## CONCLUSIONS OF LAW

1.     Rule 23 of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).  In the Agreement, Defendant agreed "to pay attorneys' fees and costs in the amount awarded by the Court."

2.      Given Defendant's agreement to make a minimum Total Settlement Payment, the Court rejects Defendant's argument that the percentage-of-the-benefit method is inapplicable.  *See Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 245-46 (8th Cir. 1996).

3.      The awards available to Settlement Class Members are a Cash Award or a Membership Award.  Briefly, Settlement Class Members were given the choice of receiving a $100 check, subject to pro rata adjustment; a 3-month membership at a Life Time Gold Club; or a $250 credit to a Life Time membership, subject to pro rata adjustment.  As noted above, the pro rata adjustment will significantly increase the Cash Award and the monetary credit amount of the Membership Award.  The Court rejects Defendant's argument that the Agreement constitutes a "coupon" settlement.

4.      To determine an award of reasonable attorneys' fees, a district court has the discretion to use the percentage-of-the-benefit method or the lodestar method.  *See id.* at 244-46 .  The Court exercises its discretion to use the percentage-of-the-benefit method.

5.      The Court concludes that reasonable attorneys' fees and expenses of Class Counsel are appropriately awarded in the amount of $2,800,000, which is 28% of the minimum Total Settlement Payment.  Substantial benefits were conferred on the class. The defenses that Defendant would have asserted in the absence of a settlement posed genuine risks to Class Counsel's pursuit of the claims.  There has been but one objection. The award is in line with awards made in similar cases.

6.      An incentive award to representative plaintiffs may be appropriate.  *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002).  The Court awards Class Representatives $3,000 each.

## ORDER

1.      The motion for award of attorneys' fees and costs, and payment of service awards [Docket No. 81] is GRANTED IN PART and DENIED IN PART.

2.      Defendant is ordered to pay $2,800,000.00 to Class Counsel as reasonable attorneys' fees and expenses incurred in this Action. Such fees and expenses shall be paid by Defendant to Class Counsel no later than 14 days after the Effective Date.

3.      Defendant is ordered to pay $3,000.00 to each of the Class Representatives as service awards for services provided to the Settlement Class. Such payments shall be made to each of the Class Representatives no later than 14 days after the Effective Date.

4.      All such payments are to be made in accordance with the provisions of the Settlement Agreement.

Dated: December 1, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge