UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br>LIFE TIME FITNESS, INC.,<br>TELEPHONE CONSUMER<br>PROTECTION ACT (TCPA)<br>LITIGATION<br><br>This document relates to:<br>All Actions | No. 14-md-2564 (JNE/SER)<br>MDL No. 2564<br><br>**FINAL JUDGMENT AND DISMISSAL<br>WITH PREJUDICE** |

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. This Final Judgment incorporates by reference the definitions in the Stipulation of Class Action Settlement dated February 25, 2015 ("Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

2. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members.

3. In the accompanying Order Approving Class Action Settlement, the Court granted final certification, for purposes of settlement only, of a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as:

> All persons within the United States who received a text message from Life Time Fitness, Inc. to a cellular telephone through the use of an online texting service from January 1, 2014, through April 15, 2014.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Persons who

satisfy the Class definition above are Settlement Class Members.

5. The Persons excluded from the Settlement Class because they timely filed valid Requests for Exclusion are: Mijin Chung, Kristina R. Decheva, Michael Gardner, France Gelinas, Sonya N. Hawkins, Brian Peacock, Malla Soun, Kjestine Steinbring, Rachel Tafoya, and Chad Windom.  Persons who filed timely, completed Requests for Exclusion are not bound by this Final Judgment, the Order Approving Class Action Settlement, or any of the terms of the Settlement Agreement, and may pursue their own individual remedies against the Released Parties. However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement Agreement.

6. As set forth in the accompanying Order Approving Class Action Settlement, the parties caused the Court-approved Class Settlement Notice to be mailed and/or e-mailed to all potential Settlement Class Members and caused to be published on the Settlement Website, www.LifeTimeTCPAsettlement.com, copies of the Full Notice; Preliminary Approval Order; the Plaintiffs' Motion for Award of Attorneys' Fees and Costs and the declarations in support of the Motion; and other information about the settlement.

7. For the reasons set forth in the accompanying Order Approving Class Action Settlement, the Settlement of this Action on the terms set forth in the Settlement Agreement, along with the Exhibits thereto, proposed by the Parties has been approved by this Court.

8. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class

Members who have not timely and validly filed Requests for Exclusion are thus Settlement Class Members who are bound by this Final Judgment, by the Order Approving Class Action Settlement and by the terms of the Settlement Agreement.

9. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Nothing contained in this Order is intended to restrict any Settlement Class Member from contacting, assisting or cooperating with any government agency regarding any Released Claim.

10. The Settlement Agreement, this Judgment and the accompanying Order Approving Class Action Settlement, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by any Plaintiff, Defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault,

defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

11. The Settlement Agreement, this Judgment and the accompanying Order Approving Class Action Settlement, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any Plaintiff, Defendant, Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Judgment and the accompanying Order Approving Class Action Settlement.

12. For the reasons set forth in the accompanying Order Approving Class Action Settlement, $2,800,000 is awarded to Class Counsel as reasonable attorneys' fees for both services rendered in the Action and reasonable expenses incurred in the Action. Such amount shall be paid by Defendant. $3,000 shall be paid to each Class Representative as an Incentive Award for services provided to the Class. Such payment shall be made by Defendant. All such payments are to be made in accordance with the accompanying Order Approving Class Action Settlement and the provisions of the Settlement Agreement.

13. The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others, except as awarded above.

14. Without affecting the finality of this Final Judgment, the Court reserves

5

jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto.

     LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 1, 2015

                                      s/Joan N. Ericksen
                                      JOAN N. ERICKSEN
                                      United States District Judge